ANNIE R. BOHAKER *vs.* TRAVELERS INSURANCE COMPANY.

Suffolk.    December 12, 1912. — May 24, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Insurance,* Accident. *Evidence,* Presumptions and burden of proof. *Words,* "Accidental."

In an action against an insurance company to recover for the alleged accidental death of the insured, it appeared that the policy sued upon insured "against bodily injuries, effected directly or independently of all other causes, through external, violent and accidental means (suicide whether sane or insane is not covered)," that the insured, when delirious by reason of severe typhoid fever, was left alone momentarily by his attendant in a room with a single window which was covered by a screen, that a little below the window was a balcony five feet wide with a protecting railing, that thirty feet beneath the balcony was rough and stony ground, that the screen was found torn from the window and the insured was found on the ground unconscious with severe injuries from which he died and which, as experts testified, probably would have caused his death even if he had not been suffering from typhoid fever. *Held,* that the immediate cause of the injuries was the fall, which was external and violent within the meaning of the policy, and which also could have been found to have been accidental. *Held, also,* that it could not be ruled as matter of law that the injuries were not "effected directly and independently of all other causes" through accidental means, as the typhoid fever from which the insured was suffering could have been found to have been simply a condition and not a moving cause of his injuries.

In a policy insuring against bodily injuries effected "through external, violent and accidental means," not covering suicide "whether sane or insane," the phrase "accidental means" was held to have been used in its ordinary sense to denote a casualty happening unexpectedly without intention or design.

In the absence of clear proof there is a presumption of fact that a person found dead did not commit suicide.

In an action on a policy of accident insurance to recover for the death of the insured from accidental bodily injuries, where the policy contains a provision that "suicide whether sane or insane is not covered," and it appears that at the time of the accident, which was seen by no one, the insured was delirious by reason of severe typhoid fever, although the burden may be upon the plaintiff to prove that the death of the insured was not due to suicide, yet in the absence of evidence of suicide this burden may be found to have been sustained by the presumption of fact against self destruction.

Rugg, C. J.    This is an action of contract to recover upon a policy of accident insurance for the death of the insured, John M. Babson.    The circumstances under which the insured lost his life were these:    He was delirious by reason of severe typhoid fever in a room with a single window which was covered by a screen, and its sill was twenty-eight inches above the floor.    Along the outside of the building slightly below the window was a balcony five feet wide with a protecting railing about thirty feet above the rough and stony ground beneath.    He was left alone momentarily on an August evening by his attendant, who on returning found the room vacant, and the screen, which had been whole and in position when he left the room, torn from the window.    On immediate investigation, the insured was found on the ground under the room unconscious, with severe injuries, which according to physicians probably would have caused his death, even if he had not been suffering from typhoid fever.    The policy insured "against Bodily Injuries, effected directly and independently of all other causes, through External, Violent and Accidental Means (Suicide whether sane or insane is not covered), as specified in" a schedule annexed.

The case was tried without a jury before a judge,* who found for the plaintiff after refusing to rule as requested by the defendant (1) that the plaintiff was not entitled to recover as matter of law, (2) that the death of the insured was not effected, directly and independently of all other causes, through external, violent and accidental means, and (3) that the death of the insured was the result of suicide, sane or insane, and hence not covered by the policy.

1.    The defendant's first request was denied rightly.    "Acci-

* *Pratt,* J.    The defendant alleged exceptions.

dental means " is used in the contract of insurance in its common significance of happening unexpectedly, without intention or design. *United States Mutual Accident Association* v. *Barry,* 131 U. S. 100. The cause of injuries was not wholly conjectural as matter of law. It is plain that the immediate cause was the fall. This manifested itself in evidence which was violent and external. There was basis for the inference that it was accidental, as we have defined that word. It may have been that the deceased, in the heat of his fever and the warm season, in an effort to reach fresh air went to the balcony just outside his window, and there without premeditation or purpose or delirium, but only through weakness, lost his balance and went over the low railing, and received mortal harm. Cases where it has been necessary for a plaintiff to show negligence of some person as the cause, and where it has been said that the cause was conjectural, are clearly distinguishable. Accident is a far more comprehensive term than negligence. *Noyes* v. *Commercial Travellers' Eastern Accident Association,* 190 Mass. 171. *Wicks* v. *Dowell & Co.* [1905] 2 K. B. 225.

2. It would have been error to rule as matter of law that the insured's death was not "effected directly and independently of all other causes" through accidental means. The point of difficulty in this connection is whether the disease did not contribute to the injuries, or at least was it not a cause co-operating with the fall in inducing the result. But the disease may have been found to have been simply a condition, and not a moving cause of the fatal injuries. A sick man may be the subject of an accident, which but for his sickness would not have befallen him. One may meet his death by falling into imminent danger in a faint or in an attack of epilepsy. But such an event commonly has been held to be the result of accident rather than of disease.

In *Manufacturers' Accident Indemnity Co.* v. *Dorgan,* 7 C. C. A. 581, it was said by Taft, J., at 590: "If the deceased suffered death by drowning, no matter what was the cause of his falling into the water, whether disease or a slipping, the drowning, in such case, would be the proximate and sole cause of the disability or death, unless it appeared that death would have been the result, even had there been no water at hand to fall into. The disease would be but the condition; the drowning would be the moving, sole, and proximate cause."

To the same effect in substance are *Winspear* v. *Accident Ins. Co.* 6 Q. B. D. 42, *Lawrence* v. *Accidental Insurance Co.* 7 Q. B. D. 216, *Ludwig* v. *Preferred Accident Ins. Co.* 113 Minn. 510, *Preferred Accident Ins. Co.* v. *Muir*, 61 C. C. A. 456. The language of this contract, to the effect that the "accidental means" must have operated "independently of all other causes" to produce the death does not change the general rule of law, that the proximate and not a remote cause is the one to which the law looks. Many instances are found where two equally dominant causes co-operate or concur in producing a result. The very numerous cases arising out of joint or simultaneous torts are illustrations. Two or more causes, each proximate in character and only one of which is accidental, may co-operate in producing an injury. In such cases the limiting language of the policy would apply. The present policy does not stipulate that there shall be no recovery, if any other circumstance than the accident, directly or indirectly, wholly or in part, proximately or remotely, contribute to the injury, as do some insurance contracts which have come before the courts. The policy in the case at bar does not go so far as to require the court to search beyond the active, efficient, procuring cause to a cause of a cause. When one single predominant agency is disclosed, directly producing as a natural and probable result the injury, which is accidental, and which operates independently of other like causes, then the effectual means required by the policy have been found. This contract does not require a further and nicer analysis to ascertain whether in the chain of causation another source less demonstrative and more attenuated in its effect or more ulterior in its origin may be found which may more indirectly have a causal connection with injury. *Freeman* v. *Mercantile Mutual Accident Association*, 156 Mass. 351. *Daniels* v. *New York, New Haven, & Hartford Railroad*, 183 Mass. 393. See *Newton* v. *Worcester*, 174 Mass. 181, 187.

The single operating, proximate cause, therefore, might have been found to be the fall and not the fever. *Accident Ins. Co.* v. *Crandal*, 120 U. S. 527. *Scheffer* v. *Railroad Co.* 105 U. S. 249. *Isitt* v. *Railway Passengers Assurance Co.* 22 Q. B. D. 504. *Continental Casualty Co.* v. *Lloyd*, 165 Ind. 52, 59. *Modern Woodman Accident Association* v. *Shryock*, 54 Neb. 250. *Fetter* v. *Fidelity & Casualty Co.* 174 Mo. 256. This having been found as a fact,

and there being some supporting evidence, the finding of the trial judge will not be disturbed.

3. The defendant urges strongly that the death of the insured was the result of suicide, sane or insane, and hence there could be no recovery. But while that might have been found as a fact, it could not have been ruled as matter of law. Suicide is a crime and involves a high degree of moral turpitude. *Commonwealth v. Mink,* 123 Mass. 422. It cannot be assumed without clear proof. The presumption is that one does not commit suicide. Such a presumption being one of fact stands until overthrown by evidence. *Travellers' Ins. Co.* v. *McConkey,* 127 U. S. 661. If it be assumed in favor of the defendant that the burden was on the plaintiff to prove that death was not due to suicide, the presumption against self destruction in the absence of compelling circumstances sustains this burden. Even though the insured was suffering from delirium, as it is agreed that he was, the facts do not require the inference that he jumped to the ground. It was open to the trial judge to find that it was through weakness or otherwise, and not through conscious adaptation of means to an end by a mind unbalanced by fever that he fell to the earth.

*Exceptions overruled; judgment affirmed.*

*W. H. Hitchcock,* for the defendant.
*A. E. Yont,* for the plaintiff.