MAE E. KAUFFMAN ROWE, Appellee, v. UNITED COMMERCIAL
TRAVELERS ASSOCIATION, Appellant.

**APPEAL AND ERROR:** Pleading—Sufficiency of Unchallenged Answer—Waiver. Where an insurer in an action on an accident policy merely stated a conclusion, in alleging the insured's voluntary exposure to danger in violation of law, and its sufficiency was not questioned upon the trial below, but was treated by the court and counsel as stating issuable matter, it will be treated on appeal as raising such an issue for the jury.

**INSURANCE:** Accident Insurance—Voluntary Exposure to Danger —"Accidental Means"—Driving Motor Car at Unsafe Rate. The driving of a motor car at a high, unsafe rate of speed, or in a

manner to justly convict the insured of negligence, does not, as a matter of law, deprive the disaster which he suffered, from the breaking of a wheel or from something other than a rate of speed, of its accidental character, nor does it conclusively negative a finding that his injury was occasioned by accidental means; and where an injury to a person results, in some greater or less degree, from his own acts, and it may fairly be found that such result is one which he did not and could not reasonably have anticipated, and did not intend to produce, it is an accident, and is caused by accidental means, within the meaning of an accident policy.

INSURANCE: Accident Insurance—Accidental Death—Sufficiency of Evidence. Evidence reviewed, and held sufficient to go to the jury upon the question of the accidental death of the insured, in an action upon an accident policy.

TRIAL: Instructions — Definiteness — Illustrations — Discretion of Court. Having told the jury, in general terms, what a definition does include, it is not the duty of the court to set out, by way of illustration, or to otherwise assume, specific instances which are not within the scope of the definition, even though requested. The use of illustrations to emphasize an instruction may properly be indulged in, under some circumstances, but such expedient is always a matter of taste or discretion on the part of the court, and neither party can demand it as a right, and its omission is not an error.

INSURANCE: Accident Insurance — Intentional Act — Accidental Means. An accidental act, not *per se* dangerous, and not intended or expected to be intended with injurious results to the actor, may, by some unforeseen, unexpected, or unusual contingency, become the accidental means of injury to the actor; and it does not necessarily follow that, if an injury or a death is the result of a man's intentional act, it is not an accident, within the meaning of an accident policy.

INSURANCE: Defense—Burden of Proof—Voluntary Exposure. In an action upon an accident policy, the burden of proof is upon the insurer to establish, by a preponderance of evidence, its defense that the death of the insured was the result of his voluntary exposure to danger; and this proof is not satisfied by showing that the deceased was negligent merely, or that, but for his negligence, he would not have been injured. He must have known and appreciated the danger, or the risk must have been so apparent that, as an ordinarily reasonable man, he must be held to have known and appreciated it, and with that knowl-

edge have intentionally taken the risk; and the act which brings him into danger may be voluntary, yet the exposure be involuntary.

INSURANCE:   Accident Insurance—Sufficiency of Evidence—Voluntary Exposure to Danger.  Evidence reviewed, and held sufficient to go to the jury as to whether the death of the insured resulted from his voluntary exposure to danger, so as to have avoided the contract of insurance.

INSURANCE:   Accident Insurance—Question for Jury—Violation of Law.  Evidence reviewed, in an action upon an accident policy, and held that, on an issue as to whether the death of the insured was the result of his violation of law, the insurer was entitled to have the matter submitted to the jury, with proper instructions, and that the court erred in refusing to submit the same.

EVIDENCE:   Reception of Evidence—Inadmissible Unless Pleaded. A city ordinance regulating the rate of speed of motor vehicles on the streets of the city held inadmissible in evidence, because it had not been pleaded.

INSURANCE:   Accident Insurance—Construction of Policy—"Violation of Law"—Speed Law within Prohibition of Policy.  The provisions of Sections 1571-m19, 1571-m22, and 1571-m27, Code Supplement, 1913, limiting the speed of motor vehicles, are a law, within the meaning of the provisions of an accident policy that it should not extend to or cover any death, disability, or loss resulting from the violation of any law.

INSURANCE:   Accident Insurance—Speed of Automobile—Violation of Law—Proximate Cause.  A mere high rate of speed, as not *per se* a violation of Sections 1571-m19 and 1571-m20, Code Supplement, 1913, and speed in excess of the specified limit, constitute only presumptive evidence of want of due care; and to prevent recovery upon an accident insurance policy which excludes the insurer from liability for death resulting from violation of law, it must be shown, in addition to such violation, that the death of the insured was caused by such violation,

INSURANCE:   Trial—Construction of Contracts—Province of Court. An instruction to the jury that, in construing a policy on insurance, the law gives that interpretation most favorable to plaintiff, and, if there be any doubt or ambiguity in an insurance policy, it is to be resolved in the insured's favor, held erroneous; as it is for the court to pass upon the construction of an instrument only where the question is purely one of

construction or interpretation, to be decided from the terms themselves, although the meaning and intent of the parties in the use of certain ambiguous or uncertain terms may be a question for the determination of the jury.

*Appeal from Polk District Court.*—L. DeGraff, Judge.

## May 21, 1919.

ACTION at law, to recover upon a certificate of accident insurance issued by the defendant association to Ted Thomas Rowe. There was a verdict and judgment for plaintiff, and defendant appeals.—*Reversed and remanded.*

*John A. Millener* and *Sullivan & Sullivan,* for appellant.

*Miller & Wallingford,* for appellee.

WEAVER, J.—Ted Thomas Rowe was a member in good standing of the defendant accident association, and his wife, who is the plaintiff in this action, was his duly appointed beneficiary. On June 26, 1916, while the insured was driving an automobile on the streets of the city of Des Moines, the vehicle was broken down or upset, and he was instantly killed. This action was brought to recover the indemnity provided for in the insurance contract. The defendant denies liability, alleging that the death of Rowe was not caused by accidental means, within the meaning and intent of the contract. The defendant further alleges affirmatively that, by the terms of the contract, the benefits of the insurance "do not cover or extend to any death, disability, or loss resulting from violation of any law, or from voluntary exposure to danger;" and that the indemnity is not payable in any case, "unless external, violent, and accidental means, producing bodily injuries, are the sole and only cause of the death, disability, or loss." It further avers that the death of Rowe "was

caused through violation of law and voluntary exposure to danger," and did not result "from bodily injuries through external, violent, and accidental means, as the proximate, sole, and only cause." No fact or circumstance constituting the alleged violation of law or the alleged voluntary exposure to danger is stated or specified in the pleading.

The cause was tried to a jury. At the close of the testimony, defendant moved for a directed verdict in its favor, on the ground that plaintiff had failed to show the death of the insured from injuries by accidental means; and that it had been conclusively shown that his death resulted from voluntary exposure to danger, and from his violation of law in operating his automobile at an unlawful rate of speed. The motion was overruled and, the cause being submitted to the jury, there was a verdict for plaintiff for the amount of the insurance.

I. There is room for serious doubt whether the answer, which alleges voluntary exposure to danger and violation of law by the insured, raises any issue for the jury.

1. APPEAL AND ERROR: pleading: sufficiency of unchallenged answer: waiver. Strictly and properly speaking, it does no more than to state a conclusion of law, without disclosing or averring any fact or facts from which that conclusion may be drawn; but, as the sufficiency of such answer does not appear to have been questioned upon the trial below, and the plea seems to have been treated by court and counsel as stating issuable matter, unless it be as to a city ordinance offered in evidence by the appellant, it will be so treated by us in disposing of this appeal.

II. Several propositions urged in argument may be sufficiently considered in connection with the question whether, under the evidence, it can or ought to be said, as a

2. Insurance: accident insurance: voluntary exposure to danger: "accidental means:" driving motor car at unsafe rate.

matter of law, that there is no evidence to sustain a finding by the jury that Rowe's death was caused by accidental means.

The testimony shows, without dispute, that the deceased had an automobile, which he was accustomed to drive about the city, and was well acquainted with the streets in the neighborhood where his death occurred. About six o'clock in the afternoon of June 26, 1916, accompanied by a neighbor, one Fisk, he started to drive the car from the business part of town to his home. Soon after starting, they picked up two young women. The car was provided with but two seats, into which the four persons were quite compactly crowded. In this position, they made their way to the northern limit of the city, where they turned back. Their course in returning led them from a street running north and south into one running east and west; and either as they turned, or soon after making the turn and straightening their course into the last-mentioned street, the car was capsized, Rowe was killed, and the other passengers received injuries of a minor character. It appears, also, that one of the wheels of the car was broken down; but whether such break was the cause or the effect of the overturn is not made entirely clear by the evidence, and the jury could have properly found the truth of either theory.

If this were all which the evidence discloses, the objection that the injury to the deceased was not shown to have been caused by accidental means would be trivial and without merit. There was evidence, however, from which the jury might have found that the car was being driven at a high, if not a reckless, rate of speed, and that the collapse or overturn was the result of such imprudence; and it is the defendant's contention that this fact was conclusively established, and that, if so, the injury resulting to the de-

ceased cannot be said to have been occasioned by accidental means. But the record does not sustain appellant's claim as to the conclusive character of the proof of the alleged fact, nor do we think the conclusion of law founded thereon is sustainable. The witnesses Fisk and one of the young women unite in the opinion that, as they approached or turned the corner, they were going at the rate of 35 to 40 miles an hour. On cross-examination, the young lady says that, when they were approaching the corner, and at about the second telephone pole therefrom, Rowe pulled the emergency brake, and that they had turned the corner and were facing west before the breakdown. There was also evidence that, soon after the accident, both of these witnesses had said the car was not moving fast at that time. The other young woman does not attempt to estimate the speed, but says that they had fully turned the corner, and had moved 75 or 80 feet west before the collapse. There was also testimony that the car fell upon its side, where it was poised for an appreciable moment before it turned fully over, and that it was not thrown into the ditch or gutter. Taking the entire showing, it cannot be said to appear without dispute that the car was being operated recklessly at the time of its collapse. Even if it should be true, as might well be found from the record, that the car, as it came down from the north, was being driven at a high or dangerous rate of speed, it was still open to the jury to find or believe that such speed had been reduced, and that the turn of the corner had been safely made, and that the overturn of the car was caused by the breaking of the wheel, or by something other than the rate of speed.

But passing, for the present, the questions of an alleged violation of the law and voluntary exposure to danger, it is yet true that driving the car at a high or unsafe rate of speed, or in a manner to justly convict the insured of negligence, does not necessarily deprive the disaster which he

suffered of its character as an accident, nor does it conclu-
sively negative a finding that his injury and death were oc-
casioned by accidental means. *Bohaker v. Travelers' Ins.
Co.*, 215 Mass. 32 (102 N. E. 342) ; *Lickleider v. Iowa St. T.
M. Assn.*, 184 Iowa 423; *Hanley v. Fidelity & Cas. Co.*, 180
Iowa 805.   If the injury to an insured person results, in
some greater or less degree, from his own acts, and the evi-
dence be such that the jury may fairly find that such result
is one which he did not and could not reasonably have an-
ticipated, and did not intend to produce, it is an accident,
and is caused by accidental means.   *Jenkins v. Hawkeye
C. M. Assn.*, 147 Iowa 113, 117; *Western C. T. Assn. v.
Smith*, 29 C. C. A. 223 (40 L. R. A. 653).

It follows of necessity, under the proved and admitted
facts and circumstances, that the court could not properly
have directed a verdict for defendant on the theory of an
entire failure of proof of the accidental
character of Rowe's death, or of the acci-
dental means thereof.

3. INSURANCE:
accident insur-
ance: acciden-
tal death:
sufficiency of
evidence.

III.   The court charged the jury, in
harmony with the appellant's view of the
law, that, for plaintiff to recover, she must show both the
accidental character and accidental means of the death of
her husband; but exception is taken to the charge, on the
theory that the court did not properly or
sufficiently define or explain to the jury
the term, "accidental means."

4. TRIAL: instruc-
tions: defin-
iteness: illus-
trations: dis-
cretion of
court.

The charge as given to the jury is not
vulnerable to this criticism.   The court did
state the ultimate facts which must be found to justify a
recovery in words almost, if not quite, identical with the
appellant's request.   It also defined to the jury the mean-
ing of the word "accident," and this, too, was practically
in the language of the request; but it declined to add to

such definition a statement in these words, which we quote from counsel's request:

"If an injury or death is the result of a man's intentional act, it is not an accident; but if, preceding the injury, something unforeseen, unexpected, and unusual occurs, which produced the injury, then the injury has resulted from accident, or from accidental means. A person may do a certain act, the result of which may produce what is commonly called accidental injury or death; but the means are exactly what the man intended to use and did use and was prepared to use. The means were not accidental, but the result might be accidental."

It is of this ruling that complaint is made. It will be seen, therefore, that, upon final analysis of appellant's objection, it is directed, not to any fault in the definition given, but rather to the refusal of the court to go further, and, by way of illustration, give to the jury an assumed state of facts in which bodily injury may not be an accident, or, if an accident, may not be caused by accidental means.

The first and manifest answer to this objection is that, having properly defined the terms, there is no reason or rule requiring the court, as a matter of law, to go further, and define what is not an "accident," or what is not "accidental means." In other words, having told the jury in general terms what the definition does include, it is not the duty of the court to set out, by way of illustration or otherwise, assumed specific instances which are not within the scope of the definition. To impose such duty upon the court would be to compel its entrance into a field without boundary or limit, and divert the jury's attention from the merits of the case on trial. The definition to the jury of terms which have acquired no restricted or technical meaning in law is something in which trial courts ordinarily and properly indulge but sparingly; for the jury may be

presumed to know the general and proper significance and effect of words in common usage, and an attempt to restate such meaning in the learned phraseology of the lexicon is quite as apt to confuse as to instruct those to whom it is directed. The words "accident" and "accidental" are of most frequent use in ordinary conversation and in the reading of the average citizen, and it is certainly not error in the trial court to omit to define them with scientific precision to men who may safely be presumed to know their proper meaning and effect, as understood by people generally, as well as does the court or counsel. But the court in this case did not omit to define the terms; and, this having been done in harmony with defendant's request, it is not a sufficient ground for assignment of error that the court did not follow defendant further, and point out specific circumstances to which they would *not* be applicable. That the use of illustrations to emphasize an instruction may properly be indulged in, in some circumstances, need not be denied, but such expedient is always a matter of taste or discretion on the part of the court. Neither party can demand it as a right, and its omission is not error.

It is to be said, moreover, that the request last above quoted does not state a correct rule of law, and its refusal may be justified on that ground alone. It is not the law, as broadly as there stated, that, "if an injury or death is the result of a man's intentional act, it is not an accident." This subject has been too often and too thoroughly considered to make it necessary or proper to thresh the straw over again. That an intentional act, not *per se* dangerous, and not intended or expected to be attended with injurious results to the actor may, by some unforeseen, unexpected, or unusual contingency become the accidental means of injury to the actor, is too clearly demonstrated by common observation, by common experience,

5. INSURANCE: accident insurance: intentional act: accidental means.

and by innumerable precedents, to justify argument. 4
Cooley's Briefs on Insurance 3156; 5 Joyce on Insurance,
Section 2863; *Payne v. Fraternal Acc. Assn.*, 119 Iowa 342;
*Jenkins v. Hawkeye C̶o̶.̶ ̶M̶.̶ Assn.*, 147 Iowa 113, 117; *Lick-
leider v. Iowa St. T. M. Assn.*, 184 Iowa 423; *Hanley v. Fi-
delity & Cas. Co.*, 180 Iowa 805; *Western C. T. Assn. v.
Smith*, 29 C. C. A. 223; *Bohaker v. Travelers' Ins. Co.*, 215
Mass. 32. And see the second discussion of this subject in
*Budde v. National Trav. Ben. Assn.*, 184 Iowa 1219, where it
was also held that, where such unexpected, unintended, and
unnatural results occur, the jury may find therefrom that
the injury was produced by external, violent, and accidental
means.

IV. The court submitted to the jury the question
whether the death of Rowe was the result of his voluntary
exposure to danger, and the verdict returned indicates a
finding of the jury that this defense has
6. INSURANCE: not been established. The instruction given
defense : burden
of proof : vol- to the jury with respect to this issue ap-
untary ex-
.posure. pears to be in accord with the precedents.
The defense is an affirmative one, and the
burden was upon the defendant to establish it by a prepon-
derance of the evidence. The burden is not satisfied by
showing that the deceased was negligent merely, or that,
but for his negligence, he would not have been injured.
*Follis v. United States Mut. Acc. Assn.*, 94 Iowa 435, 439;
*Payne v. Fraternal Acc. Assn.*, 119 Iowa 342. He
must have known and appreciated the danger, or the
risk must have been so apparent that, as an ordinarily rea-
sonable man, he must be held to have known and appreciat-
ed it, and with that knowledge have intentionally taken
the risk. The act which brings him into danger may be vol-
untary, yet the exposure may be involuntary. *Burkhard
v. Travelers' Ins. Co.*, 102 Pa. St. 262. If, for illustration,
we may suppose that the wheel of Rowe's car had become

out of repair and seriously weakened, and he was not aware
of the defect, and that, in attempting to speed up the car
after slowing down for the turn around the corner, the
wheel gave way, and brought about the driver's injury and
death, the act which increased the speed and brought the
breaking strain upon the wheel may have been voluntary,
but the exposure to the resulting danger was unintentional
and involuntary. *Correll v. National Acc. Soc.*, 139 Iowa
36; *Diddle v. Continental Cas. Co.*, 65 W. Va. 170 (22 L. R.
A. [N. S.] 779). The instruction given is
within the rule of the authorities. Indeed,
the appellant does not so much rely upon
any misstatement of the law by the court
as upon the proposition that deceased should
be found, as a matter of law, to have avoid-
ed his contract of insurance by a voluntary exposure to dan-
ger. It is sufficient to say, we think, that the question was
one for the jury.

7. INSURANCE:
accident in-
surance: suffi-
ciency of evi-
dence: volun-
tary exposure
to danger.

V.   The court did not submit to the jury the question
whether the injury and death of the insured were the re-
sult of a violation of law upon his part; and error is as-
signed upon such failure. Here is the one
serious question presented by the record.
If this issue was in the case, and there was
any evidence on which the jury might find
for the defendant thereon, then the court
could not properly ignore it in charging the jury. We have
already said that, from the course of the trial below, we
are disposed to treat this issue, so far as it relates to a
violation of statute, as if it had been properly pleaded in
the answer. We are further of the view that the evidence
thereon raised such a conflict as entitled defendant to have
the matter submitted to the jury with proper instructions,
and that the court erred in holding otherwise.

8. INSURANCE: ac-
cident insur-
ance: question
for jury:
violation of
law.

The course taken in argument indicates, however, the

necessity of considering the law governing such issue, in order to avoid misunderstanding and error on a retrial. It is the contention of the appellant that the deceased is shown to have violated the provisions of Sections 1571-m19, 1571-m20, 1571-m21, and 1571-m22, Code Supplement, 1913.

9. EVIDENCE: reception of evidence: inadmissible unless pleaded.

Appellant also offered in evidence a city ordinance regulating the use and speed of motor vehicles on the streets of Des Moines, but plaintiff's objections to the relevancy of the ordinance were sustained, and the offer was denied. As the ordinance was not pleaded, we are of the opinion that the objection was well taken, and there was no error in refusing its admittance; and we shall confine our attention to the effect of the statute above cited. It reads as follows:

"Sec. 1571-m19. Every person operating a motor vehicle on the public highways of this state shall drive the same in a careful and prudent manner, and at a rate of

10. INSURANCE: accident insurance: construction of policy "violation of law:" speed law within prohibition of policy.

speed so as not to endanger the property of another, or the life or limb of any person; provided, that a rate of speed in excess of twenty-five miles an hour shall be presumptive evidence of driving at a rate of speed which is not careful and prudent in case of injury to the person or property of another." (Sec. 20, Ch. 72, Acts 34 G. A.)

"Sec. 1571-m20. Except as herein otherwise provided, * * * the local authorities of cities and towns may limit by ordinance, rule or regulation the speed of motor vehicles on the public highways, such speed limitations not to be in any case less than one mile in six minutes, and the maintenance of a greater rate of speed for one eighth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent." (Sec. 21, Ch. 72, Acts 34 G. A.).

"Sec. 1571-m22.  The violation of any of the provisions of Section 20 of this act shall constitute a misdemeanor punishable by a fine not exceeding one hundred dollars.

"Sec. 1571-m27.  Any person violating any of the provisions of any section of this act for which violation no punishment has been specified shall be guilty of a misdemeanor punishable by a fine not exceeding twenty-five dollars."

The language of the insurance contract which appellant relies upon as affording it exemption from liability to the plaintiff is that:

"The benefits under this article shall not extend to or cover any death disability or loss *resulting from the violation of any law.*"

The statute above quoted is a law, within the meaning of the contract.  It prescribes a duty for the violation of which a penalty is provided, and it follows, of necessity, from the agreement that, if Rowe violated this law, and his death *"resulted from" such violation,* then there can be no recovery of benefits; and this, we hold, the jury should have been told.

VI.  It is probably true that the primary purpose of this statute, or at least one of its purposes, is to establish certain fixed and definite rules applicable to negligence cases, and at the same time to promote safety of travel in streets and highways where motor vehicles are used; but this renders the duty to observe its provisions none the less obligatory.  It must be presumed, however, that the legislature did not intend to make mere negligence in any and all circumstances on the part of the operator punishable as a crime; or that a mere high rate of speed is *per se* a violation of the statute. This is evident from the provision which makes a speed in excess of the specified limit only *presumptive* evidence of

11. INSURANCE: accident insurance: speed of automobile: violation of law: proximate cause.

want of due care. What the statute undertakes to penalize is that reckless and aggravated disregard of the dictates of ordinary prudence which "endangers the property of another, or the life or limb of any person." But to be a defense in this case, it is not enough to prove to the satisfaction of the jury that Rowe did operate his car in a careless and imprudent manner, so as to endanger the property or life or limb of another or of himself, in violation of this statute, but it must, in addition thereto, establish that his injury and death were *caused by or resulted from* such violation of law. *Jones v. United States Mut. Acc. Assn.*, 92 Iowa 652. If, for example, the jury should find or believe from the evidence that, before the party reached the street corner in question, Rowe had been driving the car at a clearly excessive, imprudent, and unlawful rate of speed, that fact alone would not establish the appellant's defense unless it be further found that such violation of law was being persisted in at the time of the breakdown, and that it was from and by reason of such violation of his statutory duty that his injury and death occurred. In other words, it is not enough that the violation of law, if any, affords the *occasion* of the injury, but it must be the *cause* of it, to be available to the insurer as a defense. The facts with respect to these contentions are not shown by undisputed evidence, and the truth of the contention was for the jury. These conclusions are natural and necessary deductions from the language of the statute and the contract sued upon.

VII. The court also charged the jury as follows:

"You are instructed that, in construing a policy of insurance, the law gives that interpretation most favorable to the plaintiff, for the reason that the insurance company selects its own language in writing its policy; and if there be any doubt or ambiguity in its construction, it is to be resolved in plaintiff's favor."

12. INSURANCE: trial: construction of contracts: province of court.

This instruction is excepted to by the defendant, and the assignment of error thereon is well taken. It may be conceded that the rule of law is as stated by the court, but it is a rule directed to the court itself, whose duty and function it is to construe the contract. The effect of the instruction, as given, is to leave the construction to the jury, and in this there was error. There are cases, doubtless, where the meaning and intent of the parties in the use of certain ambiguous or uncertain terms become questions of fact for the determination of the jury; but where the question is purely one of construction or interpretation, to be decided from the terms themselves, it is for the court alone to pass upon it.

Other assignments of error do not materially affect the merits of the case, and we shall not extend this opinion for their further discussion.

For the errors pointed out, the judgment below is reversed, and cause remanded for new trial.—*Reversed and remanded.*

Ladd, C. J., Gaynor and Stevens, JJ., concur.