HELGA TRUEDSON *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Worcester.   September 27, 1927. — October 15, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Evidence,* Presumptions and burden of proof, Matter of conjecture, Of identity, Of death, Of suicide. *Insurance,* Life.

Evidence at the trial of an action upon a policy of life insurance, which, the plaintiff contended, showed that the body of a man found in the fire box of a locomotive was that of the insured, was *held* to warrant the submission of the question of identity to the jury and not to leave it wholly a matter of conjecture.

The answer in the action above described alleged as a defence that the insured had committed suicide, which, according to the terms of the policy, made it void. It was *held,* that

(1) The burden of proving the suicide was on the defendant;

(2) The evidence warranted the submission to the jury of the question, whether the insured had committed suicide.

At the trial of an action upon a policy of life insurance, the defendant relied upon a contention that the insured had made false answers to certain questions in his application in the nature of warranties. The policy provided: "All statements made by the Insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statements shall avoid this Policy or shall be used in defense of a claim hereunder, unless it is contained in the written application therefor and a copy of such application is securely attached to this Policy when issued." *Held,* that, even if the misrepresentations alleged by the defendant were proved, the policy was not avoided unless the risk of loss had been increased; and the question, whether there was an increase in the risk, was for the jury.

CONTRACT upon a policy of life insurance described in the opinion. Writ dated July 5, 1921.

In the Superior Court, the action was tried before *Walsh*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action to this court for determination, a judgment to be entered for the defendant if his ruling was right, and for the plaintiff in the sum of $1,965.60 and interest, if the case should have been submitted to the jury.

*C. H. L. Bock*, for the plaintiff.

*J. M. Thayer*, for the defendant.

BRALEY, J.    This is an action of contract to recover the amount of a policy of insurance issued by the defendant on the life of William O. Truedson, and payable to the plaintiff, Helga Truedson, his wife.    The presiding judge at the close of the evidence ordered a verdict for the defendant and reported the case.    The answer contains a general denial of every material allegation of the plaintiff's declaration, and the first question for decision is, whether there was any evidence on which the jury would have been warranted in finding that William O. Truedson was dead.

There was evidence that the insured was an employee of the Boston and Maine Railroad, and worked in the round house as a machinist.    The insured went from his home to his work on the morning of January 31, 1921, and was seen in the round house by the shop foreman, who talked with him a few minutes before twelve o'clock about work which was to be done on a locomotive.    The insured was expected to resume work at half after twelve, but as he did not appear, search was made, and shortly after two o'clock a body was found in the fire box of a locomotive in the round house.    The body was discovered by one Drury, an employee, who opened the door of the fire box about four or five inches to observe the fire.    The door could not be opened, but it could be closed, from inside the fire box.    The general foreman, upon being notified of the discovery, went to the locomotive with Drury where he found "what he thought was the body of a man, and assisted in taking out the body."    The fire was then practically shaken from the fire box to the ash pan,

dropped into the ashpit, and preserved until the following morning when, upon sifting the ashes, there were found brass buckles, buttons, a brick punch, laundry check, and a few small bones, but he did not know to whom the articles belonged. From his evidence it also could be found that the body was lying on the back with the head toward the front of the engine, and the feet toward the fire box door, and that employees were strictly forbidden to go into the fire box of a locomotive where there was a fire, but, if they entered, they "always went in head first." On evidence introduced by the defendant it could be found that the insured, some six weeks prior to January 31, 1921, had opened the fire box door and said "that a person who crawled in there would have no chance"; that in December, 1915, the insured had cut his throat while in a "despondent frenzy," and he had been seen by the attendant physician lying on a bed at his home with blood on his face, and a cut on his neck, and had said that he wanted to die. The police were called by the doctor, and while being taken from the room to the ambulance he begged the police to shoot or kill him. It was uncontroverted that after January 31, 1921, the insured had not been seen, nor had information been received from any source that he was living.

If the body found in the fire box was the body of the insured, there was evidence of his death. The question whether he committed suicide is not material on this issue. It is contended that the evidence — whether the body found was the body of the insured — amounts to mere conjecture, and identification was not proved. The jury, however, in their consideration of the evidence could apply and use their knowledge of and experience in the conduct of men in the ordinary vocations of life, and could accept a part or reject a part. *Warner* v. *Fuller*, 245 Mass. 520, 529. The nature and conditions of the employment, the short period of time elapsing between the time when he was last seen alive, discharging his accustomed duties, and the finding of the body, coupled with his sudden and complete disappearance from his home and the community in which he lived and the fact that no information had been received that he was still living, tended to support the plaintiff's contention that he was not

living when proof of death was made as required by the policy. We cannot hold as matter of law that there was no evidence for the jury on this issue.

If the body found was the body of the insured, it was for the jury to determine whether he destroyed his own life. If he did, the plaintiff cannot recover. *Dean* v. *American Mutual Life Ins. Co.* 4 Allen, 96. *Moore* v. *Northwestern Mutual Life Ins. Co.* 192 Mass. 468. The answer alleges that the insured died by his own hand, and the burden of proof was on the defendant to show that he came to his death by suicide. *Metropolitan Life Ins. Co.* v. *De Vault,* 109 Va. 392. 17 Ann. Cas. 27, and note at page 32. It is urged by the defendant that on the evidence to which sufficient reference already has been made, there was conclusive proof of suicide. But there is no presumption that he committed suicide. *Bohaker* v. *Travelers Ins. Co.* 215 Mass. 32. The credibility of the defendant's witnesses and the weight to be given to their evidence were for the jury, under appropriate instructions. It was for the jury to determine whether the defendant had proved facts which conclusively excluded every other reasonable hypothesis of death. *Bohaker* v. *Travelers Ins. Co., supra,* page 36. See 14 R. C. L. Ins. § 417, and cases cited.

The policy also contained these provisions: "All statements made by the Insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statements shall avoid this Policy or shall be used in defense of a claim hereunder, unless it is contained in the written application therefor and a copy of such application is securely attached to this Policy when issued." "And it is further declared and agreed that the foregoing statements and answers, and also the statements and answers to the Medical Examiner, are correct and wholly true, and that they shall form the basis of the contract of insurance if one be issued." G. L. c. 175, § 131. The defendant in the answer alleges in defence, and introduced evidence to show, that the negative answers of the insured to these questions in the application, "Have you ever had an injury or deformity?"; "When were you last confined to the house by illness?"; "Give full par-

ticulars of every illness you have had since childhood";
"Have you had any other illness than recorded above?" were
untrue, and therefore the policy was void. But even if these
misrepresentations were proved, the policy was not avoided
unless the risk of loss had been increased. G. L. c. 175, § 186.
It is settled that this question was for the jury. *Levie* v.
*Metropolitan Life Ins. Co.* 163 Mass. 117. *Coughlin* v. *Metropolitan Life Ins. Co.* 189 Mass. 538.

In accordance with the terms of the report, judgment is
to be entered for the plaintiff for $1,965.60, with interest
from April 2, 1921.

*So ordered.*