HERBERT J. NOSEWORTHY *vs.* ALLSTATE LIFE INSURANCE COMPANY. No. 93-P-1580. April 29, 1996. *Practice, Civil,* Instructions to jury, Burden of proof. *Insurance,* Accidental death benefits, Life insurance, Construction of policy. *Evidence,* Death certificate.

Underlying this action is a fall from the Maurice J. Tobin Memorial Bridge that caused the death of John Noseworthy. The event occurred when Noseworthy, a former patient of a Veteran's Administration Hospital, was being returned by the Metropolitan District police to that facility for psychiatric evaluation. Noseworthy ran from the cruiser and jumped over the guard rail. Allstate Life Insurance Company (Allstate) denied payment to his father, Herbert J. Noseworthy, the sole beneficiary of a life insurance policy, relying upon the "suicide exclusionary clause." After a jury trial in the Superior Court, a judgment was entered in favor of Allstate.

1. *Jury instruction.* In the face of conflicting requests for jury instruc-

tions, the trial judge charged the jury as to the exclusionary clause thus: "Now, the policy excludes from coverage any form of self-destruction, purposeful or otherwise. For example, if this is a suicide, that is, if this is a purposeful or intentional taking of one's own life, there is no coverage under the policy. Even if you find that this were a taking of one's own life in a frenzy caused by psychological disturbance, as long as the result is that the person destroyed his own life, there is, again, no coverage." The instruction is correct because under Massachusetts law, a policy may exclude from accidental death coverage both suicide while sane and self-destruction while insane. *Moore* v. *Northwestern Mut. Life Ins. Co.*, 192 Mass. 468 (1906). To the extent that earlier cases, decided prior to the insertion of the "sane or insane" exclusion to the standard life insurance policies require a different result, contrast *Dean* v. *American Mut. Life Ins. Co.*, 86 Mass. 96 (1862); *Cooper* v. *Massachusetts Mut. Life Ins.*, 102 Mass. 227 (1889), the *Moore* court overruled them. 192 Mass. at 473-474. See also Annot., Insurance: Construction of "Sane or Insane" Provision of Suicide Exclusion, 9 A.L.R. 3d 1015, 1032, 1037 (1966).

As to those cases relied upon by Noseworthy and decided after the decision by the *Moore* court, see *Bohaker* v. *Travelers Ins. Co.*, 215 Mass. 32 (1913); *Truedson* v. *Metropolitan Life Ins. Co.*, 261 Mass. 121 (1927); and *McGuire* v. *Almy*, 297 Mass. 323 (1937), it is not clear whether the policy exclusions contained the same language or whether the deaths were, in fact, accidental. Here, the policy specifically excluded from accidental death coverage "loss caused by: suicide while sane, or self destruction while insane, or any attempt at either." That clause does not, as Noseworthy's request for jury instructions implies, exclude only deaths which are intentional. There was no error.

2. *Admission of the death certificate.* The judge properly admitted in evidence Noseworthy's death certificate that noted "suicide" as the cause of death. The judge decided that Allstate was entitled to submit an unredacted death certificate under G. L. c. 46, § 19, as amended by St. 1945, c. 570, § 1.[1] In *Krantz* v. *John Hancock Mut. Life Ins. Co.*, 335 Mass. 703 (1957), the judge said that "[t]here is no exception for cases where the known circumstances [of the death] are inconclusive as between accident, disease or suicide. The opinion fact becomes prima facie evidence by virtue of the statute and not because of probative force necessarily inherent in it or in the underlying facts." 335 Mass. at 711.

The *Krantz* case, as the case at bar, dealt with a situation where there was no dispute over liability for causing death. As Allstate argues, because the issue before the jury is not whether an insured is liable for causing death, but rather whether the company is liable under the policy given the manner of the insured's death then the opinion contained in the certificate is admissible. That interpretation of the statute is consistent with more recent decisions on the point. See *Miles* v. *Edward O. Tabor M.D., Inc.*, 387

---

[1]The pertinent clause of § 19 reads as follows: "The record of the town clerk relative to birth, marriage or death shall be prima facie evidence of the facts recorded, but nothing contained in the record of death which has reference to the question of liability for causing the death shall be admissible in evidence."

Mass. 783, 786-787 (1982); *Commonwealth* v. *Lykus*, 406 Mass. 135, 144 (1989). Other facts in the record that were not consistent with suicide went to the weight to be given to the certificate by the jury, not its admissibility.

3. *The burden of proof.* Instead of an instruction requested by Noseworthy which required Allstate to prove that John Noseworthy's death was intentional, the judge's charge on the point ran as follows:

> "Mr. Noseworthy, the plaintiff, bears the burden of proving that it is more likely than not that his son sustained bodily injury caused (1) by an accident, (2) that that injury resulted directly and independently of all other causes in death, and (3) not as a result of suicide while sane or self-destruction while insane. . . . The plaintiff has the burden of proving that the death was an accident, and that it . . . wasn't an intentional act . . . such as a suicide . . . or a form of self-destruction."

Here, the language of the policy provides coverage only if there is "an accident" that is not "otherwise excluded in the policy," and Noseworthy does not dispute that he bears the burden of showing that his son's death came within the coverage section. To circumvent that central point, Noseworthy cites cases which establish the general proposition that an insurer denying coverage under a policy has the burden of proving its affirmative defenses. See *McGinnis* v. *Aetna Life & Cas. Co.*, 398 Mass. 37, 38 (1986); *Hanover Ins. Co.* v. *Talhouni*, 413 Mass. 781, 785 (1992). However, where the exclusion is an integral part of the covered risk clause, as it was here, the cases place the burden on the insured to show that the exclusion does not apply. See *Murray* v. *Continental Ins. Co.*, 313 Mass. 557, 561 (1943); *Muchnick* v. *Bay State Harness Horse Racing and Breeding Assn.*, 341 Mass. 578, 582-583 (1961). There was no error.

*Judgment affirmed.*

*James G. Reardon, Jr.*, for the plaintiff.
*Craig R. Browne* for the defendant.