Hinkle, J.
Plaintiff Arthur Connolly applied for benefits under several provisions of his insurance policy with defendant Protective Life Insurance Company. Asserting that coverage under the Accident Only Disability Benefit Rider (the Rider) does not extend to plaintiffs disability, defendant denied this portion of plaintiffs application. Plaintiff alleges that this denial constitutes breach of contract (Count I), violation of G.L. 93A and 176D (Count II) and negligent infliction of emotional distress (Count III). Plaintiff now moves for summary judgment on the contract claim, and defendant moves for summary judgment on all three claims. After hearing and for the reasons set forth below, plaintiffs motion is DENIED, and defendant’s motion is ALLOWED.
BACKGROUND
Plaintiff worked as a corrections officer for the Suffolk County Sheriffs Department from 1973 until May 21, 1993. In a prison riot on August 15, 1986, plaintiff was pushed over a railing and fell approximately 15 feet. He sustained a severe back injury from the fall, for which he took disability leave from the Sheriffs Department from 1986 to 1991. Plaintiff did not seek or undertake any other employment during this period.
In July 1991, “expressly with the understanding that [he was] disabled as the result of [his] back injury,” plaintiff returned to his job at the Sheriffs Department. Exhibit A at 47-48.[1] He requested and received light duty. Notwithstanding his assignment to light duty, plaintiff continued to experience back pain. After MRI and CAT scans in 1992 and 1993, he was diagnosed with degenerative lumbar disc disease and bulging discs in his back. His back pain increased when he sustained a knee injury in a fall at work in May of 1992. He went on disability leave from May 26, 1992 to August 24, 1992 as a result of this fall.
In addition to the three-month disability leave in 1992, plaintiff missed 98.5 days of work from his return in July 1991 to May 21, 1993. Seeking to recover workers’ compensation, plaintiff claimed in a proceeding before the Department of Industrial Accidents that the majority of the time he missed, including 52 of the 62 days he was absent in 1992 and 18 of the 25 days he was absent in 1993, was due to his 1986 back injury.[2]
On April 11, 1993, plaintiff was issued a life insurance policy with an accidental death benefit rider and three disability riders.[3] Subject to specified conditions, one disability rider provides for a $30 monthly payment and another waives policy premiums in the event of total and permanent disability; neither rider requires that the disability be the result of an accident. The third rider, the Accident Only Disability Rider (the Rider), covers certain losses sustained directly from an accident, independent of all other causes.
On May 21, 1993, plaintiff was attacked in a prisoner altercation. He sought workers’ compensation for back, neck and knee injuries sustained during the attack, claiming that the back pain was “the same type of pain he has had previously but it was much worse so he felt he had an aggravation of past injury.” Exhibit J at 5. An administrative law judge awarded plaintiff compensation after adopting the medical examiner’s diagnosis of degenerative disc disease resulting from the cumulative effect of multiple injuries.
Plaintiff also applied for accidental disability retirement benefits after the 1993 accident. Based on a medical panel’s diagnosis of morbid obesity, resolved cervical strain and chronic low back syndrome, and finding that plaintiffs disability was due to a temporary aggravation of degenerative changes that “were temporarily aggravated by [the described] injuries," the Boston Retirement Board denied plaintiffs application. Exhibit L at 414. An administrative magistrate vacated this denial in part because of the possibility that plaintiffs disability “could have been caused by the [1986 accident] and then an aggravation of that condition . . . with the last inmate assault in May of 1993.” Exhibit L at 416. A second medical panel unanimously supported plaintiffs application for benefits “because of aggravation of his underlying lumbar degenerative disc disease” by the injuries he sustained at work in 1986, 1992 and 1993. Exhibit M at 330. After a hearing officer also concluded that plaintiffs lumbar degenerative disc disease had been aggravated by “numerous injuries” during his employment, plaintiff received full disability retirement. Exhibit C at 319-20; Amended Complaint at ¶26.
DISCUSSION
Summary judgment is appropriate when no material facts are in dispute and the moving party is *146 entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Highlands Ins. Co. v. Aerovox Inc., 424 Mass. 226, 232 (1997). A moving party which does not bear the burden of proof at trial is entitled to summary judgment if it submits affirmative evidence, unmet by countervailing materials, that either negates an essential element of the nonmoving party’s case or demonstrates that the nonmoving party has no reasonable expectation of proving an essential element of its case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Breach of Contract
The Accident Only Disability Benefit Rider provides coverage for certain “total disabilities,” which are defined to mean: “(1) [the insured] cannot perform the material duties of any occupation due to Injury . . . ; and (2) [the insured is] under the regular and permanent care of a physician.” “Injury” within the meaning of the Rider is “accidental bodily injury that is sustained while this Rider is in force and results in loss directly from an accident, independent of all other causes.” Specifically excluded from coverage are total disabilities “caused by or resulting from . . . disease of any kind, medical or surgical treatment of disease, or bodily or mental infirmity.”
To prevail on his breach of contract claim, plaintiff must prove that his disability resulted from an accidental bodily injury sustained directly from the 1993 accident — independent of all other causes — and therefore that he is entitled to benefits under the Rider. Defendant contends that causes other than the 1993 accident contributed to plaintiffs disability.
Affirmative evidence in the summary judgment record supports defendant’s assertion. Before the Department of Industrial Accidents, the MCAD and the Boston Retirement Board, plaintiff successfully claimed to be disabled at least in part due to the 1986 and 1992 accidents. Plaintiffs treating physician and designated expert Robert A. DiTullio, M.D., when asked at his deposition whether plaintiffs present “disability is somehow independent of the earlier injuries,” responded: “No. I think they sort of seem to be an aggravation of preceding injuries as we go along.” Defendant’s Counter-statement of Facts, Exhibit A at 99. In applying for disability benefits in March of 1993, plaintiff obtained a statement by Dr. DiTullio that plaintiff was permanently disabled due to the injuries he sustained in the 1986 accident. Sometime after the 1993 accident, Dr. DiTullio completed another statement certifying plaintiffs disability. The “date of injury” entered in the latter statement is “1986. Also 5/21/93.” Defendant’s Counter-statement of Facts, Exhibit C at 707.
Plaintiff has submitted nothing to contradict the evidence that his disability was not caused by the 1993 accident, independent of other causes. Instead, he focuses on the irrelevant fact that his preexisting back injury did not cause the 1993 accident itself.[4] In arguing this undisputed point, plaintiff discusses two cases that support summary judgment for defendant. In Vickers v. Boston Mut. Life Ins. Co., the defendant argued that the plaintiffs preexisting heart condition, by causing a heart attack during which he lost control of his car, caused the fatal accident and therefore caused his death. 1997 WL 112372 (D.Mass. Jan. 22, 1997), aff'd, 135 F.3d 179 (1st Cir. 1998). Whereas the defendant in this case contends that the 1986 accident and plaintiffs preexisting back condition are concurring causes of plaintiffs disability, the Vickers defendant conceded that the actual “physiological” cause of death was the car accident and not the preexisting heart condition. Interpreting two policies similar to the Rider,[5] the court noted that “loss is not covered if sickness, disease, or bodily infirmity contributes to it as a concurring cause,” i.e., when a disease does not cause an accident but does, in conjunction with the injuries sustained in the accident, cause the loss. Id. at *4.
Similarly, the Supreme Judicial Court in Bohaker v. Travelers Ins. Co. noted that the limiting language of the policy, which stated that “ ‘the accidental means’ must have operated ‘independently of all other causes’ to produce” the injury, would apply in instances where two proximate causes cooperate or concur in producing the injury. 215 Mass. 32, 35 (1913). Two proximate causes did not exist in Bohaker, the “violent and external” evidence demonstrated that the plaintiffs 30-foot fall onto rough and stony ground, rather than his typhoid fever, was the only direct cause of his death. Id. at 33-35 (insurance policy did not require court to “search beyond the active, efficient, procuring cause to a cause of a cause”). In contrast, the summary judgment record in this case establishes that the 1986 accident and plaintiffs degenerative disc disease are also direct causes of his disability. Because plaintiff has not alleged any facts to establish that the 1993 accident operated independently of all other causes in producing his disability, defendant is entitled to judgment as a matter of law on the breach of contract claim.
II. G.L. 93A and c. 176D.
Plaintiffs claim that defendant violated c. 93A and c. 176D rests on the fact that defendant denied coverage under the Rider.[6] The denial of a claim for benefits, if in good faith and based on a plausible interpretation of an insurance policy, ordinarily cannot constitute a violation of c. 93A. Lumbermens Mut. Casualty Co. v. Offices Unltd., Inc., 419 Mass. 462, 468 (1995); Gulezian v. Lincoln Ins. Co., 399 Mass. 606, 616 (1987). As discussed above, defendant’s interpretation of the Rider was not only plausible but was correct as a matter of law. In light of plaintiffs inability to prove that the denial of his claim was an unfair or deceptive act within the meaning of c. 93A and c. 176D, summary judgment on Count II must enter in defendant’s favor.
*147 III. Negligent Infliction of Emotional Distress
The final count of the complaint alleges that defendant is liable for negligent infliction of emotional distress. The sole basis of this allegation is defendant’s refusal to pay plaintiff benefits under the Rider. A denial of coverage that is correct as a matter of law cannot be deemed negligent. Accordingly, defendant is also entitled to summary judgment on the emotional distress claim.
ORDER
For the foregoing reasons, plaintiffs motion for summary judgment is DENIED, and defendant’s motion for summary judgment on all counts is ALLOWED.

 Unless otherwise noted, exhibits cited herein are attached to defendant’s statement of undisputed material facts.

 Plaintiff also filed a disability discrimination claim with the Massachusetts Commission Against Discrimination (MCAD) alleging that the Sheriffs Department failed to reasonably accommodate his back disability, which consisted of “nerve damage and a back injury sustained during a riot in 1986.” Exhibit B. MCAD recently awarded plaintiff $60,431.04 in damages.

 Defendant has assumed the obligations of the insurance company which issued plaintiffs policy.

 Plaintiff also misconstrues the premise of defendant’s judicial estoppel argument to be that plaintiffs disability was caused by a preexisting condition and not the 1993 accident. Defendant’s position is that the disability, if caused at all by the 1993 accident, was also caused by a preexisting condition. Given the grounds on which I grant summary judgment on Count I, it is unnecessary to determine whether plaintiff would otherwise be judicially estopped from arguing that neither the 1986 accident nor his degenerative disc disease are concurring causes of his present disability.

 The first policy provided benefits in the event the insured is injured “through external, violent and accidental means,” the injury is the “direct and sole cause of the loss,” and “disease or treatment of disease” is not a contributing cause of the loss. Vickers at *2. The second policy covered “loss from bodily injuries: a) caused by an accident which happens while an insured is covered by this policy, and b) which, directly and from no other causes, result in a covered loss. We will not pay benefits if the loss was caused by: a) sickness, disease, or bodily infirmity ...” Id. at *3.

 Plaintiff has not pursued his allegation that defendant violated c. 93A by refusing to investigate his claim. Uncon-troverted evidence establishes that defendant did conduct an investigation. See Plaintiffs Memorandum at 4.