Lowy, J.
Nature of Proceedings
Frederick M. Riccio (“plaintiff’), Administrator of the Estate of Onesta Riccio, filed this civil action in March 1999. The complaint alleges that Tina Horwitz, M.D. (“defendant”), committed medical malpractice in her care and treatment of Onesta Riccio (“Mrs. Rccio”), plaintiffs decedent. The matter is currently before this Court on defendant’s motion in limine to exclude the “cause of death” portion of the death certificate of Mrs. Riccio. For the reasons discussed herein, defendant’s motion is DENIED.
BACKGROUND
On May 31, 1997, Mrs. Riccio sought treatment for various maladies at the Valley Medical Associates, where defendant saw her. On June 1, 1997, the next day, Mrs. Riccio’s family found her in poor condition and called an ambulance, whereupon she was transported to a hospital emergency room. Despite efforts at the hospital to relieve her condition, Mrs. Recio was pronounced dead at 7 a.m. the next morning. Plaintiff filed this action claiming that defendant was negligent in failing properly to evaluate, diagnose, and treat Mrs. Recio and, as a result, Mrs. Recio died. Defendant denies plaintiffs allegations, maintaining that her treatment of Mrs. Recio was within the standard of care required of her and that nothing she did, or did not do, substantially contributed to plaintiffs decedent’s death.
DISCUSSION
Defendant moves to exclude the entire “cause of death” portion of Mrs. Rccio’s death certificate, arguing that it is inadmissible hearsay. Mrs. Rccio’s actual cause of death is a contested matter in this case, and defendant argues that the “cause of death” entry reading “Respiratory Arrest due to or as a consequence of Probable Pulmonary Embolism” relates directly to the issue of her liability and, therefore, must be excluded by this Court. Further, defendant claims that the “cause of death” entry constitutes an opinion that is inadmissible hearsay.
The relevant applicable statute, G.L.c. 46, §19, states in pertinent part: “the record of the town clerk relative to a . . . death shall be prima facie evidence of the facts recorded, but nothing contained in the record of a death which has reference to the question of liability for causing the death shall be admissible in evidence.”
The Supreme Judicial Court has stated that, with regards to entries by medical examiners on death certificates, “[t]he opinion fact becomes prima facie evidence by virtue of the statute and not because of probative force necessarily inherent in it or in the underlying facts.” Krantz v. John Hancock Mutual Life Ins. Co., 335 Mass. 703, 711 (1957).[1]
In Blake v. Southcoast Health System, Inc., 206 F.Sup.2d 174, 179 (D.Mass. 2002), rev’d on other grounds, Blake v. Pellegrino, 329 F.3d 43, 44-45 (1st Cir. 2003), in considering whether a death certificate was admissible under Massachusetts law, the United States District Court for the District of Massachusetts concluded that “(t]here can be little doubt but that the medical examiner’s opinion as to the cause of death is generally admissible.”[2] Cf. Noseworthy v. Allstate Life Ins. Co., 40 Mass.App.Ct. 924, 925 (1996) (holding that it was proper to admit an unredacted death certificate in evidence listing the cause of death as suicide, though noting that liability for cause of death was not a contested issue). More pertinently, the Blake court noted that “in Massachusetts, it is arguable that the death certificate was admissible in its entirety.” Blake, 206 F.Sup. 2d at 181. This discussion of admissibility under Massachusetts law, while tangential to the court’s holding, was not criticized on appeal by the First Circuit in Blake, 329 F. 3d at 43.
Further regarding the admissibility of the “cause of death” entries on death certificates, the Supreme Judicial Court has held that “(w]here the words have reference to the injuries of the deceased, they are admissible, even though incidentally they may have some bearing on the question of liability.” Wadsworth v. Boston Gas Company, 352 Mass. 86, 93 (1967).[3] The words “Probable Pulmonary Embolism” refer to a *330 medical condition and circumstances which, when viewed in isolation, do not ascribe fault to any particular person and, when viewed in the context of this medical malpractice action where the cause of death is vigorously contested, the words are not dispositive. See Blake, 206 F.Sup.2d at 181. They are merely a building block in plaintiffs case. The standard of admissibility is not sufficiency of the evidence to meet the burden of production to the court, or the burden of persuasion to the trier of fact.
While statements of opinion and judgmental observations do not fall within the Massachusetts common-law hearsay exception for official records, here the court reviews a statute. The language in the death certifícate does not impute fault; it merely reflects the medical opinion of the attending physician, Dr. Dienhart, that the cause of death was respiratory arrest due to, or as a consequence of, probable pulmonary embolism. Therefore, although the death certificate is probative on the issue of liability, otherwise it would not be admissible, the opinion expressed therein is admissible by statute.
ORDER
For the foregoing reasons it is hereby ORDERED that defendant, Tina Horwitz, M.D.’s motion to exclude the “cause of death” portion of the death certificate of Onesta Riccio is DENIED.

“We think that, read in connection with the purpose of the statute, the cause of death is not rendered speculative or conjectural by the presence of the word ‘presumably.’ . . . [TJhe certificate is, in effect, a statement that, more likely than not, the cause of death was as stated.” General Motors Corp., petitioner, 344 Mass. 481, 483 (1962). Cf. Commonwealth v. Lannon, 364 Mass. 480, 482 (1974) (holding that although the defendant was not entitled to a new trial as a result, it was error to admit the portion of the death certificate which included “homicide” as the cause of death in a trial where the defendant was accused of first degree murder and his defense was that the death was an accident, because the word “homicide” could “be considered to relate to the question of criminal responsibility”).

See also Hon. William G. Young, John R. Pollets, & Christopher Poreda, Evidence §803.9, at 176 (1998) (“[T]he birth or death certificate prepared and filed by an attending physician will be received in evidence as to the fact and date of birth, and the fact and date and cause of death”).

“The recital of injury or death from inhalation of illuminating gas, standing alone, does not Impute fault or freedom from fault to anyone. It may designate the chemical agent which produced the physical result, but it does not narrate the event or chain of events which caused the illuminating gas to escape. There was no showing in the present cases that the words ‘illuminating gas’ did not relate to the Wadsworths’ medical histories or treatment, or to the death of the deceased. We are unable to say, as a matter of law, that the words are not so related. The entries were, therefore, admissible.” Wadsworth, 352 Mass, at 93. See also Young, Pollets, & Poreda, supra, at 177 (“If the facts stated in the death record are medical facts, or are primarily and directly employed to explain or otherwise make those medical facts intelligible, they will be admitted although incidentally the facts recorded may have some bearing on the question of liability”).