ELIZA G. TRAISER *vs.* COMMERCIAL TRAVELLERS' EASTERN ACCIDENT ASSOCIATION.

Suffolk.   March 17, 1909. — May 22, 1909.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Insurance,* Accident.   *Contract,* Construction.   *Words,* "Satisfactory."

The meaning of an agreement by a fraternal beneficiary corporation, contained in a certificate issued to a member, that it will pay to the beneficiary appointed under the terms of a certificate a stipulated amount within ninety days from the receipt by its board of directors " of proof satisfactory to said board of the death of" the member " and that his death has been caused wholly and entirely by external, violent, and accidental means," is that the proof thus furnished must be such as ought to be satisfactory to reasonable men acting reasonably.

Where at the trial of an action upon a certificate of fraternal beneficiary insurance which required, before payment of a death benefit, that the board of directors of the corporation issuing the certificate should have received " proof satisfactory to said board of the death of" the member to whom the certificate was issued " and that his death has been caused wholly and entirely by external, violent, and accidental means," it appeared that after the death of the certificate holder the beneficiary and a physician, who attended the certificate holder after the accident which was alleged to have caused the death, furnished to the defendant's board of directors affidavits that the death was caused wholly and entirely by external, violent and accidental means, that the board requested further affidavits, which the plaintiff furnished, namely, a second affidavit by the attending physician, and one by a physician who had attended the deceased before the accident, in one of which the affiant refused to say that the death was caused by the accident, and in the other of which the affiant stated on information and belief that the death was not so caused.   The board thereupon rejected the claim. The presiding judge refused to allow the jury to consider the two additional affidavits.   *Held,* that the question, whether under the circumstances the defendant's board of directors acted reasonably in rejecting the plaintiff's claim upon the proof submitted to them, was for the jury, and that in determining that question, while the jury should not be allowed to consider other evidence than that which was submitted to the directors, they should have been allowed to consider all the affidavits which the directors considered.

Although, in an affidavit by the physician who was in attendance upon the holder of a certificate issued by a fraternal beneficiary corporation at the time of his death following an accident, the physician has declined to state positively that death was or was not the result of the accident, the plaintiff in an action subsequently brought against the corporation by the beneficiary named in the certificate to recover the amount named therein is not by such affidavit precluded ₁ from introducing in evidence testimony of such physician and of other medical experts tending to show that the death of the certificate holder was caused by the accident within the terms of the policy.   Anything to the contrary in *Campbell* v. *Charter Oak Ins. Co.* 10 Allen, 213, referred to as discredited by subsequent decisions.

At the trial of an action by the beneficiary named in a certificate of fraternal bene-
ficiary insurance against the corporation issuing it, to recover for benefits
agreed in the certificate to be paid upon the death of the certificate holder, the
jury should not be allowed to consider, upon the issue whether the death of the
certificate holder was caused by a certain accident, preliminary affidavits fur-
nished by the plaintiff to the defendant tending to establish that fact, which
were furnished according to a requirement in the certificate that preliminary
proof of such fact should be so furnished within ninety days of the accident,
such affidavits being admissible only to show that the plaintiff had satisfied
requirements of the certificate as to such preliminary proof.

CONTRACT upon a certificate of fraternal benefit insurance to
recover a death benefit. Writ in the Superior Court for the
county of Suffolk dated December 4, 1903.

The case was tried before *Lawton*, J. The facts are stated in
the opinion. The jury found for the plaintiff; and the defend-
ant alleged exceptions.

The case was submitted on briefs.

*W. F. Merritt & N. T. Merritt, Jr.*, for the defendant.

*G. R. Blinn & A. L. Taylor*, for the plaintiff.

SHELDON, J. The defendant's agreement, as stated in the
certificate of insurance, was that it would pay the stipulated
amount to the beneficiary appointed under the certificate within
ninety days from the receipt by its board of directors " of proof
satisfactory to said board of the death of" John Gourley, "and
that his death has been caused wholly and entirely by external,
violent, and accidental means." Its liability accordingly did not
arise until the presentation of such proof to its board, not only of
the death but also of the fact that the cause of the death was
that mentioned in this stipulation. *Hatch* v. *United States
Casualty Co.* 197 Mass. 101. *Union Institution for Savings* v.
*Phœnix Ins. Co.* 196 Mass. 230, 236. *North American Ins.
Co.* v. *Burroughs*, 69 Penn. St. 43. In this respect the case
differs from many of those relied on by the plaintiff, in which
proof only of the death was called for, without such an addi-
tional requirement as is made here. *Flynn* v. *Massachusetts
Benefit Association*, 152 Mass. 288. *Taylor* v. *Ætna Ins. Co.*
13 Gray, 434. *Bowen* v. *National Life Association*, 63 Conn.
460. *Insurance Co.* v. *Rodel*, 95 U. S. 232.

It appeared at the trial that the plaintiff had furnished to the
defendant, in accordance with this condition of the policy, cer-

tain proof which included, among other sworn statements, her own affidavit and that of one Johnston, the physician who had attended the deceased member after the accident which it was claimed caused his death. The defendant then sent to the plaintiff some additional questions which it asked to have answered by Dr. Johnston. The plaintiff without objection procured through her then attorney an affidavit from Dr. Johnston, answering those questions in detail, and transmitted it to the defendant. By this affidavit it appeared that a Dr. Canfield had been the regular physician of Gourley, and had seen him just before his death. The defendant thereupon sent to the plaintiff's then attorney a list of questions to be answered under oath by Dr. Canfield, and the attorney procured and sent to the defendant an affidavit from Dr. Canfield, answering those questions. The defendant's board of directors, treating these three sets of papers as the proof furnished by the plaintiff, rejected her claim; and this action was then brought by her to recover upon the policy.

The presiding judge at the trial ruled, at the request of the plaintiff, that the affidavits first furnished to the defendant by the plaintiff constituted the proof which she was required to furnish, and that the subsequent affidavits of Drs. Johnston and Canfield were not a part of such proof; and this presents the first question raised upon the defendant's exceptions.

The proofs to be furnished by the plaintiff were by the terms of the policy to be satisfactory to the defendant's board of directors. This, to be sure, does not mean that the judgment of the defendant's board necessarily was to be final on the matter, but only that the proofs must be such as ought to be satisfactory to reasonable men acting reasonably. Accordingly it ordinarily will be for the jury, looking at the proof actually furnished, to say whether it was such as reasonably should have satisfied the directors. *Noyes* v. *Commercial Travellers' Eastern Accident Assoc.* 190 Mass. 171, 182, and cases cited. *C. W. Hunt Co.* v. *Boston Elevated Railway*, 199 Mass. 220. *Cashman* v. *Proctor*, 200 Mass. 272. But it was the duty of the directors to consider in the first instance the proof submitted by the plaintiff, to weigh it, and to make up their minds whether it ought to satisfy them as reasonable men. If they thought that further proof was

needed to enable them to reach a conclusion, we see no reason why they should not call for it. And their right to do so has been affirmed or assumed in many decisions. See for example *Martin* v. *Manufacturers' Accident Indemnity Co.* 151 N. Y. 94, 106. *Baldi* v. *Metropolitan Ins. Co.* 24 Penn. Sup. Ct. 275. In *Braunstein* v. *Accidental Death Ins. Co.* 1 B. & S. 782, the right of the directors to obtain and consider such further evidence or information, if any, as they should think necessary, was fully recognized. In *Buffalo Loan, Trust & Safe Deposit Co.* v. *Knights Templar Assoc.* 126 N. Y. 450, 453, in which only proof of death was required, the court said : " The words ' satisfactory proof ' entitled the association to demand that the fact of death should be shown with reasonable definiteness and certainty, and if the proofs furnished failed to satisfy the association of the fact of the death, the association acting reasonably and in good faith could require further evidence." In some cases, not only is it assumed that new proof may be called for, but it is held that the doing so is a waiver of objection which might have been taken to the sufficiency or seasonableness of that already presented. *McElroy* v. *John Hancock Ins. Co.* 88 Md. 137, 150. *Trippe* v. *Provident Fund Society,* 140 N. Y. 23, 28. *Standard Ins. Co.* v. *Davis,* 59 Kans. 521, 527. *Hohn* v. *Inter-State Casualty Co.* 115 Mich. 79. In *Campbell* v. *Charter Oak Ins. Co.* 10 Allen, 213, additional proofs were furnished by the insured and were considered without objection ; and the right of the insured to make additional proof and to correct errors in that already furnished was asserted. This point has never since been questioned, though upon the main point decided the case has been often doubted and limited. We find nothing at variance with this doctrine in *Goldschmidt* v. *Mutual Life Ins. Co.* 102 N. Y. 486, or *Louis* v. *Connecticut Ins. Co.* 58 App. Div. (N. Y.) 137. It may well be that if the right to call for further proof is given by the terms of the policy to only one officer of the insuring company it cannot be exercised by another; and that is all that was decided in *Tessmann* v. *United Friends of Michigan,* 103 Mich. 185.

It is of some importance that the plaintiff acquiesced in the request of the defendant for these additional affidavits, and furnished them through her then attorney, who must be taken

on the record to have acted with her consent and by her authority. We need not consider what her rights would have been if she had not done so, but had elected to stand upon the proof already furnished. *Metrovolitan Ins. Co.* v. *Mitchell*, 175 Ill. 322.

We are of opinion that the judge erred in ruling that the affidavits of Johnston and Canfield were not a part of the preliminary proof, furnished by the plaintiff to the defendant in accordance with the requirement of the policy.

The question whether upon this complete proof it would have been open to the jury to say that the board of directors, acting as reasonable men, ought to have been satisfied, not only of the death of the insured, but that his death was "caused wholly and entirely by external, violent and accidental means," is somewhat difficult. Upon this question the affidavits disclosed evidence which would have warranted diametrically opposite answers. They showed that there had been severe accidental injuries, followed within two days by death which, upon the statement first made by Dr. Johnston, seemed to be the direct result of those injuries. This view was supported by the affidavit of the plaintiff, and by those of Farnsworth and of the undertaker, so far as they could be taken to have spoken from knowledge. But in his subsequent affidavit Dr. Johnston stated, upon information, that the deceased had suffered from a pre-existing sickness, and declined to say positively that death was or was not the result of the accident. Dr. Canfield in his affidavit declared that the death was not caused wholly by external, violent and accidental means, that the deceased had been under the deponent's medical treatment for acute nephritis for approximately two months, and that the death was due to uræmic convulsions. Upon this state of the evidence, the defendant's counsel have argued with great force that the jury should not be allowed to say that the directors, acting as reasonable men in a fiduciary capacity (*Elliott* v. *Baker*, 194 Mass. 518, 523; *Palmer* v. *Northern Relief Assoc.* 175 Mass. 396, 397), ought to have decided that they were satisfied that the death was due wholly and entirely to the injuries sustained by the accident. As this question is likely to be raised again at a new trial, in substantially the same way, it ought now to be considered.

This question, it must be remembered, is to be decided solely upon the evidence furnished to the directors. As was stated in *Noyes* v. *Commercial Travellers' Eastern Accident Assoc.* 190 Mass. 171, 181, the issue upon this branch of the case is not what was actually the cause of the death, but whether the plaintiff had furnished sufficient proof to the directors. Without showing that she has done this, she cannot maintain the action. But with some hesitation we have reached the conclusion that the question whether she has maintained this burden is for the jury. It is clear from what already has been said that from the evidence stated, without considering the additional evidence put in at the trial, which of course cannot be considered upon this issue, the jury might find that the death was due wholly and solely to the accidental injuries. If the jury should so find, we are of opinion that they also would have the right to say that the same fair preponderance of the evidence which had convinced their judgments ought to have produced the same conviction in the minds of other reasonable men. It would be an anomaly for us to decide otherwise. It cannot be said as matter of law that reasonable men were bound to come to only one conclusion. *Webber* v. *Cambridgeport Savings Bank*, 186 Mass. 314, 315. It is not for the defendant, in a case of contradictory evidence, finally and decisively to pass upon the rights of the insured, if such a condition as this has been reasonably complied with. *Taylor* v. *Ætna Ins. Co.* 13 Gray, 434, 438. *Insurance Co.* v. *Rodel*, 95 U. S. 232, 237.

The other questions discussed at the argument may be more briefly considered.

The testimony of Dr. Johnston and of the medical experts to their opinion that the death of Gourley was due to the accident and not to uræmic convulsions, was competent upon the issue of what was the real case of the death. It cannot be held to be incompetent because it tended to contradict some of the statements of opinion contained in the preliminary proof furnished by the plaintiff. The case of *Campbell* v. *Charter Oak Ins. Co.* 10 Allen, 213, so far as it tends to support this contention of the defendant, has been discredited by subsequent decisions. *Abraham* v. *Mutual Reserve Fund Association*, 183 Mass. 116. *Barker* v. *Metropolitan Ins. Co.* 198 Mass. 375, 382, and cases cited.

*John Hancock Ins. Co.* v. *Dick*, 117 Mich. 518. The preliminary proof was not necessarily a bar to the maintenance of the action.

The jury ought not to have been allowed to consider the statements made in the preliminary proofs of death as evidence in favor of the plaintiff upon the issue of what was the real cause of Gourley's death. These papers were admissible for the plaintiff and could be considered in her favor only upon the issue of the sufficiency of the proof submitted by her to the defendant's directors. This is settled both upon reason and authority. *Cluff* v. *Mutual Benefit Life Ins. Co.* 99 Mass. 317, 324. *Cook* v. *Standard Life & Accident Ins. Co.* 84 Mich. 12. *Senat* v. *Porter*, 7 T. R. 158. How far these statements would have been competent against her, as admissions made or adopted by her, need not now be considered. *Mutual Life Ins. Co.* v. *Newton*, 22 Wall. 32. *Wall* v. *Continental Casualty Co.* 111 Mo. App. 504.

*Exceptions sustained.*