FREDERICK A. SILVA *vs.* THE FIDELITY AND CASUALTY COMPANY OF NEW YORK.

Middlesex. December 2, 1924. — May 21, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, & WAIT, JJ.

*Insurance*, Accident. *Evidence*, Of cause of death, Certificate of city clerk, Presumptions and burden of proof.

At the hearing by a judge without a jury of an action upon an insurance policy, where the defendant contended that the assured committed suicide and therefore that his death was not within the terms of the policy, a record of a city clerk filed under G. L. c. 46, § 1, stating, "Drowning (probably accidental) Found on shore of Mystic river ⅛ mile below Wellington bridge) at low tide," is admissible, and, the defendant not asking to have stricken out or disregarded the words "probably accidental," but merely objecting to that part of the certificate "where the cause of death is set forth," the certificate has full probative force as "*prima facie* evidence of the facts recorded" under § 19 of the statute.

At the hearing of the action above described, there was evidence that the decedent had been humiliated in his business relations and was mentally depressed, run down, in a nervous state and despondent; that when he could not sleep, he not infrequently went out to walk in the neighborhood of his house, returning later to bed; and that his body was found in the Mystic River, face downward in the water, about half a mile from his home, one eighth of a mile from the nearest highway, and two hundred yards from a bath house. There was a path along the shore above high water mark. The judge found for the plaintiff. *Held*, that

(1) It could not have been ruled as matter of law either that the plaintiff was not entitled to recover or that he had failed to sustain the burden of proof resting on him;

(2) The finding for the plaintiff was warranted.

CONTRACT upon an accident insurance policy issued to "Frederick A. Silva, Jr." Writ dated March 24, 1922.

In the Superior Court, the action was heard by *Sanderson,* J., without a jury. Material evidence and exceptions by the defendant are described in the opinion. There was a finding for the plaintiff in the sum of $5,550. The defendant alleged exceptions.

*Joseph Wentworth,* for the defendant.

*A. P. Stone,* for the plaintiff.

RUGG, C.J. This is an action of contract brought by the beneficiary named in a policy of accident insurance. The policy insured against bodily injury "sustained . . . through accidental means (excluding suicide, sane or insane, or any attempt thereat, sane or insane), and resulting directly, independently and exclusively of all other causes, in . . . death." There was evidence which would have warranted a finding that the assured, a man about fifty-five years old, had occupied a position of responsibility in a mercantile business. Through the consolidation of several concerns he had been given a position inferior in importance to one formerly a subordinate to him. He was chagrined and nervously affected and received a leave of absence with pay for a time and then without pay. His physician pronounced him mentally depressed, run down, in a nervous state and despondent but not insane, and no instructions were given to his friends. He was not in financial distress, but was able to live comfortably. When he could not sleep, he not infrequently went out to walk in the neighborhood of his house, returning later to bed. From nine o'clock in the evening of August 5, 1921, when he went to bed, until about nine o'clock the next morning, nothing was shown as to his movements. At the latter time, two hours after low tide, his lifeless body was found in the Mystic River, face downward in the water, about half a mile from his home, one eighth of a mile from the nearest highway, and two hundred yards from a bath house. There was a path along the shore above high water mark. The nearby beach sloped off very gradually over a hard bottom for fifty feet, and from there to the channel over mud. The body was about seventy-five feet from the high water mark

at a place where there was very little water and where the tide was lapping around it.

The plaintiff offered in evidence a certificate of the city clerk as to the record of the death of the assured. It is provided by G. L. c. 46, in § 1, that the record of the city clerk as to death shall contain amongst other facts, "disease or cause of death," and in § 19, that such record "shall be *prima facie* evidence of the facts recorded." The death return made out by the medical examiner stated as the cause of death, "Drowning (probably accidental) Found on shore of Mystic river ⅛ mile below Wellington bridge) at low tide." The defendant objected to the part of this certificate "where the cause of death is set forth." The exception to the admission of this certificate must be overruled. It is within the express words of the statute. It is within the authority of *Shamlian* v. *Equitable Accident Co.* 226 Mass. 67, and *Broadbent's Case*, 240 Mass. 449, 452. The defendant did not ask to have stricken out or disregarded the words, "probably accidental" and therefore any question as to its competency or force apart from the rest of the certificate is not open. See *Commonwealth* v. *Slavski*, 245 Mass. 405, 415–417, and cases there reviewed.

The burden was on the plaintiff to show that the death occurred within the terms of the policy. *Smith* v. *Travelers Ins. Co.* 219 Mass. 147, 150. *Leland* v. *Order of Commercial Travelers of America*, 233 Mass. 558, 565. There was ample evidence to prove death by drowning. The plaintiff would be entitled to recover on the policy if death occurred by drowning unless it resulted from suicide. *Lewis* v. *Brotherhood Accident Co.* 194 Mass. 1, 6, 7.

Voluntary self destruction is contrary to the common conduct of mankind. It is a crime involving a high degree of moral turpitude. It is not assumed without clear proof. *Bohaker* v. *Travelers Ins. Co.* 215 Mass. 32. *Sponatski's Case*, 220 Mass. 526, 529. *Nichols* v. *Commercial Travellers' Eastern Accident Association*, 221 Mass. 540, 544. *Von Ette's Case*, 223 Mass. 56, 60.

The determination of the cause of death on all the evidence was a question of fact. The evidence might have supported

a different finding. But it could not have been ruled as matter of law either that the plaintiff was not entitled to recover or that he had failed to sustain the burden of proof resting on him. The finding of the judge must stand because it cannot be pronounced unsupported by the evidence with the legitimate inferences which might have been drawn from it. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. Of course the judge was not bound to believe all the evidence or all aspects of the evidence favorable to the defendant. *Commonwealth* v. *Russ*, 232 Mass. 58, 70.

*Exceptions overruled.*