ALBERT M. WALCOTT, executor, *vs.* HERBERT G. SUMNER & others, trustees.

Suffolk.    January 7, 1941. — February 26, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Evidence*, Competency, Death certificate. *Practice, Civil*, Exceptions: whether error harmful. *Error*, Whether harmful.

In an action for death and conscious suffering alleged to have been due to the decedent's falling down stairs, where the plaintiff offered in evidence a death certificate stating, under the heading "Cause of Death," "Fractured Skull. Fall downstairs . . . Accident," it was error under G. L. (Ter. Ed.) c. 46, § 19, for the judge to exclude all such words except "Fractured Skull"; and the error was prejudicial to the plaintiff where the other evidence showed that the decedent was found injured on the floor at the foot of the stairs but left it a matter of conjecture how he came there.

TORT. Writ in the Superior Court dated February 12, 1936.

The plaintiff's declaration was based on negligence of the defendants causing the plaintiff's testate to "fall down" the steps described in the opinion.

The action was tried before *Swift*, J. There were verdicts for the defendants. The plaintiff alleged exceptions.

*C. E. Tupper*, for the plaintiff.

*E. R. Langenbach*, for the defendants.

Cox, J. The jury returned a verdict for the defendants in this action to recover for the death and conscious suffering of the plaintiff's testate, alleged to have resulted from the negligence of the defendants in maintaining a building, admittedly in their control. The only exception is to the

exclusion of evidence. A recital of the evidence is required, especially because the defendants contend that if there was error it was not prejudicial. (G. L. [Ter. Ed.] c. 231, § 132.)

The jury could have found that the testate, "about sixty-five or seventy-five years old and rather active on her feet in going up or down stairs," occupied an apartment in the building as a tenant. The street door at the common entrance opened in. The vestibule floor just inside this door extended about three feet to a flight of four steps leading upward to "a massive oak door" that opened inwardly. The fourth step "had no landing" in the sense that the inner door was flush with the outer edge of the tread. This inner door had a "heavy brass knob." There were four mail boxes on one side of the vestibule. On the morning in question, one of the tenants met the testate as she was "going down stairs." When the latter was just inside the inner door she said that she was going for the mail. About nine o'clock she was found lying on the floor of the lower vestibule with her feet on the inside stairway. She had a bunch of keys in her hand, the mail was scattered near her, and the knob on the outer side of the inner door was lying near her on the floor. The knob in question had been on the door for several years. About a year and a half before the injury it came off "in . . . [the] hand" of a tenant. This happened twice, once when the tenant was on the outside, but she "didn't lose her balance so that she didn't fall," and the other time "it was on the inside it came out." The tenant notified one of the janitors and it was fixed "after that." Three to five days before the injury, the knob came off in the hand of another tenant who reported the matter to one of the janitors, and "it was repaired the next time he had occasion to go out." This tenant had tightened the screws of the knob with his jackknife on occasions. The knob also came off on the inside about a year before the injury.

From the testimony of a locksmith it could have been found that in many instances the knob screw in knobs like the one in question wears out, and in some cases the holes wear out; that after the screw in the spindle gets worn it drops out; that if the knob is on properly, the screw does

not come out; that the knob will not come off if it is properly installed. In many cases where the screw is worn out it will fall out when the knob is turned and then the knob will pull out. Where the spindle itself might be worn, the knob will pull out.

It was agreed that the janitors referred to in the evidence were in the defendants' employ. The bill of exceptions discloses no other evidence as to the manner in which the testate met her injury. She died three days thereafter. The plaintiff offered in evidence the certificate of death. This certificate under the heading "Disease, or Cause of Death" states "Fractured Skull   Fall downstairs in Boston on Sept. 23, 1935   Accident   T. Leary." The judge, subject to the plaintiff's exception, excluded all of these words except "Fractured Skull."

1. We are of opinion that this was error, and that the case upon this point is governed by *Dow* v. *United States Fidelity & Guaranty Co.* 297 Mass. 34, 36, 37, and cases cited. In the Physicians' Pocket Reference referred to in that case there is a "Standard Certificate of Death," the blank spaces of which are filled as if by one who prepared a certificate. Among these entries are the following: "Injured by a fall; fractured skull." "Accident." "Fall down stairs." "Fracture of skull."

2. It cannot be said that the error was not prejudicial. The only cause of death in the certificate is that which has been quoted above. Upon the evidence that the jury had, much, if not everything, was left to conjecture as to what happened to the testate when she sustained her injuries. It could have been contended that she had fainted, or, as the result of some physical condition, had collapsed on the floor of the vestibule. It was for the jury to decide what facts it would determine from the evidence, and also what reasonable inferences it would draw from those facts. But the record of a death, as evidenced by a certificate properly certified, as this one was, is, by statute, made *prima facie* evidence of the facts recorded. G. L. (Ter. Ed.) c. 46, § 19. See *Wakefield* v. *American Surety Co.* 209 Mass. 173, 176; *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 589. The

plaintiff was entitled to the benefit of this evidence, and it cannot be said that it might not have been a factor that would have led the jury to a different result.

*Exceptions sustained.*