GEORGE A. TRUMP, administrator, *vs.* DONALD A. BURDICK (and a companion case [1]).

Middlesex.    December 3, 1947. — January 6, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Evidence,* Death record.

At the trial of an action for causing the death of a woman who sustained injuries in a collision of an automobile with a taxicab in which she was admittedly a passenger, where the only issue was whether there was a causal connection between the collision and the death, the following part of a certificate of her death from the records of the municipal clerk properly was admitted in evidence under § 19 of G. L. (Ter. Ed.) c. 46, in the amended form appearing in St. 1945, c. 570, § 1:

| Cause of death & duration: | Sudden death. Arteriosclerotic Heart |
|---|---|
| (a) Contributory cause and duration; | Disease. Accident, 9/1/44; Taxi Cab; Injuries to Side of Head, Ear and Arm. |

Two ACTIONS OF TORT.    Writs in the Superior Court dated August 21, 1945.

The actions were tried together before *Dowd,* J.

*T. H. Bresnahan,* for the defendants.

*R. W. Cornell,* for the plaintiff.

LUMMUS, J.    Both these actions are in tort to recover for the conscious suffering and death of the plaintiff's intestate, Katherine C. Trump, aged seventy-five years, caused by the collision on September 1, 1944, of a taxicab in which she was

---

[1] The companion case is one brought by the same plaintiff against Florence W. Soutter.

riding with an automobile owned by the defendant Florence W. Soutter and operated by the defendant Donald A. Burdick. It was admitted that the defendant Burdick was negligent and that the plaintiff's intestate was in the exercise of due care. There was a verdict for the plaintiff in each case on the count for death. The defendants contended that there was no causal connection between the collision and the death.

The only exception taken by the defendants was to the admission of a part of the certificate of the death of the plaintiff's intestate from the records of deaths in Everett, which part read as follows:

| 15. Cause of death & duration: | Sudden death. Arteriosclerotic Heart |
| (a) Contributory cause and duration; | Disease. Accident; 9/1/44; Taxi Cab; Injuries to Side of Head, Ear and Arm |

General Laws (Ter. Ed.) c. 46, § 19, provided that "The record of the town clerk relative to a birth, marriage or death shall be prima facie evidence of the facts recorded." By St. 1943, c. 228, § 1, no change was made in that sentence, although a change was made in the later sentence relative to the proof of such a record by certificate. But by St. 1945, c. 570, § 1, which took effect before the trial of the instant cases, a comma was inserted after the word "recorded" in that sentence, and the following qualification was added: "but nothing contained in the record of a death which has reference to the question of liability for causing the death shall be admissible in evidence."

Prior to St. 1945, c. 570, § 1, there is no doubt that the whole death certificate in question would have been admissible. *Walcott* v. *Sumner*, 308 Mass. 413, 415. *Caccamo's Case*, 316 Mass. 358, 362. The question before us is whether the part of the death certificate in dispute is made inadmissible by that statute as having "reference to the question of liability for causing the death." The words last quoted are strikingly similar to the words of the statute as to the admissibility of hospital records (G. L. [Ter. Ed.] c. 233, § 79; St. 1941, c. 389, § 2; St. 1943, c. 233, § 1; St. 1946, c. 473, § 1), which are that nothing in such hospital

records "shall be admissible as evidence which has reference to the question of liability." Under that statute, this court said in *Leonard* v. *Boston Elevated Railway*, 234 Mass. 480, 482, 483, "In our opinion a reasonable and practical construction of the statute requires that a record which relates directly and mainly to the treatment and medical history of the patient, should be admitted, even though incidentally the facts recorded may have some bearing on the question of liability."

In the present cases, it may be that there was error in the admission of the words "Taxi cab." But if that was error, it did the defendants no harm, for it was conceded that the defendant Burdick was in collision with the taxicab in which the plaintiff's intestate was riding, and that he was negligent. Apart from the words "Taxi cab," the disputed part of the death certificate appears to us to have reference, primarily at least, to the injuries of the deceased, rather than to liability. That she died suddenly, and had arteriosclerotic heart disease, were medical facts. So were the facts that she received injuries to the side of her head, her ear and her arm. It was not in dispute that she was in an accident on September 1, 1944. The hospital record held properly excluded in *Inangelo* v. *Petterson*, 236 Mass. 439, 440, consisted of a statement that "while patient was running along the road four days ago, she was run over by an automobile producing injuries" to her leg. That case seems to us quite different from the instant cases. In *Caccamo's Case*, 316 Mass. 358, 362, a hospital record that the injured employee was suffering from a "cerebral hemorrhage (traumatic in origin)" was held admissible on the ground that "it defined the nature and type of the hemorrhage." And see *Cohen* v. *Boston Edison Co. ante*, 239.

*Exceptions overruled.*