RUTH WASHINGTON *vs.* METROPOLITAN LIFE INSURANCE
COMPANY.

Hampden.    January 5, 1977. — June 8, 1977.

Present: QUIRICO, KAPLAN, WILKINS, & LIACOS, JJ.

*Insurance,* Life insurance, Proof of loss, Waiver. *Waiver. Words,*
"Due proof."

In an action to collect accidental death benefits under a life insurance
policy, information furnished by the plaintiff to the insurer which
consisted of a medical examiner's certificate of death indicating that
death resulted from a natural cause and letters from the plaintiff
and her son-in-law stating the circumstances of an accidental fall
the deceased had just prior to his death did not constitute "due
proof" of accidental death as required by the policy. [716-718]
The response of an insurer to information relayed to it by the bene-
ficiary of a life insurance policy did not constitute a waiver of the
requirement of due proof of accidental death and, in the circum-
stances, the insurer was not obliged to state affirmatively that addi-
tional proof could be submitted. [718-720]

CONTRACT.    Writ in the Superior Court dated May 16,
1973.

The action was tried before *Cross,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Herbert Murphy* for the plaintiff.
*David O. Burbank* for the defendant.

WILKINS, J.    The plaintiff sued for accidental death
benefits under policies insuring the life of her husband.
Each policy provided that an amount twice the amount
shown on the face of the policy would be paid "upon re-
ceipt of due proof that the death of the Insured occurred
as the result, directly and independently of all other
causes, of bodily injury caused solely by external, violent,

and accidental means."[1] A judge of the Superior Court concluded that the plaintiff failed to prove compliance with the policy requirement of due proof of accidental death, and he ordered the entry of judgment for the defendant notwithstanding a jury verdict in the plaintiff's favor.[2] The plaintiff has appealed from that judgment, and we granted her request for direct appellate review. There was no error.

An essential part of the plaintiff's case was to establish either that she furnished the defendant with due proof that the death was accidental or that the company waived the requirement of due proof. *Cooper* v. *Prudential Ins. Co. of America,* 329 Mass. 301, 303 (1952). *Howe* v. *National Life Ins. Co.,* 321 Mass. 283, 288-289 (1947). *Barnett* v. *John Hancock Mut. Life Ins. Co.,* 304 Mass. 564, 569 (1939). Due proof in connection with a policy of the type involved in this case is provided when the proof furnished to the insurer shows on the whole "that the claim is of a class within the protection of the policy, so that if the proofs should be accepted as true the insurer reasonably might pay the claim." *O'Neil* v. *Metropolitan Life Ins. Co.,* 300 Mass. 477, 481 (1938). See *King* v. *Prudential Ins. Co. of America,* 359 Mass. 46, 54 (1971). "Due proof" thus requires evidence indicating the truth of the facts stated, which in turn show that an event has occurred on which the insurer has promised to pay. *Krantz* v. *John Hancock Mut. Life Ins. Co.,* 335 Mass. 703, 711 (1957). *Howe* v. *National Life Ins. Co., supra* at 285. See generally Annot., 170 A.L.R. 1262 (1947). The requirement, therefore, goes beyond mere notice to the company. *Hovhanesian* v. *New York Life Ins. Co.,* 310 Mass. 626, 629-630 (1942). *Belbas* v. *New York Life Ins. Co.,* 300 Mass. 471, 473-474 (1938).

An assertion of facts perhaps supporting a claim that the death was accidental, accompanied, however, by a

---

[1] For convenience in this opinion we shall refer to these circumstances as accidental death.

[2] The defendant waived any reliance on the fact that the proof of death was submitted beyond any specified policy period. One policy was a group policy issued through the deceased's employer; the other two apparently were purchased directly from the insurer.

death certificate (or other medical evidence) giving a non-accidental cause of death, consistent with the facts asserted, does not constitute due proof that the death was caused solely by accident. *Cooper* v. *Prudential Ins. Co. of America, supra* at 304. *Howe* v. *National Life Ins. Co., supra* at 287-288. *Page* v. *Commercial Travellers' E. Accident Ass'n.*, 225 Mass. 335, 337 (1916). The issue here is whether the plaintiff seasonably presented sufficient proof to the insurer to create a jury question whether she had presented "due proof," as provided in the contract of insurance and as interpreted by this court.

We summarize the information which was submitted to the insurer on which the plaintiff relies in establishing due proof of accidental death. The plaintiff submitted a proof of death form which permitted the cause of death to be shown either by a physician's statement or by a death certificate. The plaintiff submitted no separate information from a physician. Instead, she delivered a medical examiner's certificate of death which stated, as to the cause of death, "DOA Wesson Memorial Hospital presumably of Coronary Sclerosis." The words "Accident, suicide, or homicide" were crossed out and the words "natural cause" written in.

The plaintiff also submitted two letters, one from her and one from her son-in-law. In her letter, dated February 15, 1972, she wrote that she and her husband went to a funeral home on January 16, 1972, to attend the wake of a relative. Her husband kneeled at the kneeler, and, when he was about to get up, he "fell over backwards and hit his head hard." He said he was all right. He left the room shortly thereafter, spoke to several relatives, and within ten minutes after the fall had a seizure, lost consciousness, and died. The letter concluded by saying that, if the cause of death was coronary sclerosis, "it was brought on by the fall." The letter from the plaintiff's son-in-law, dated February 24, 1972, indicated that five people saw the deceased fall accidentally; the deceased then sat down for a few minutes and spoke to his wife; he got up, walked around, and spoke to others. He left the room to comb his hair

and collapsed and died in another room. The letter indicated that the fall was mentioned to a doctor in the emergency clinic in the hospital but apparently the fact was not transmitted to the medical examiner and thus "the death certificate was completed in a vague and incorrect manner." The letter ended by asking for the forms necessary to file a claim for accidental death benefits.

In June, 1972, the manager of the insurer's group life claims division wrote the deceased's employer, and the manager of the "P.L.I. Claims Division" of the insurer wrote the plaintiff, substantially identical letters rejecting the claims under the policies. The letters, significant portions of which are set forth in the margin,[3] neither invited the submission of additional information nor foreclosed the possibility of a further submission.

At the trial the plaintiff offered medical testimony that the sole cause of the deceased's death was the fall. The doctor's expert opinion, which had not been furnished to the insurer previously, was based in part on the fact that after the fall the deceased complained of a severe headache and stiffness of the neck. The plaintiff testified that after the fall the deceased said he had a "terrific headache" and that his neck was "a little stiff." These facts were not presented in the information previously furnished to the insurer in support of the claim for accidental death benefits. The plaintiff's expert agreed that, in distinguishing between a heart attack or the fall as the cause of death, the deceased's complaints of a stiff neck and a headache were significant. He agreed that the deceased's other symptoms, collapse, body twitching and eyes rolling, were consistent with a heart attack.

We think it clear that due proof was not furnished as

---

[3] "It has not been satisfactorily established that Mr. Washington's death resulted solely from bodily injuries sustained through accidental means. Indeed, his death appears to have been due either wholly or in part to disease, namely, coronary sclerosis.

"Because Mr. Washington's death has not been established as one within the provisions and limitations of the Additional Indemnity Benefit provision of the policies, I am sorry we could not justify the payment of this additional benefit."

required by the insurance policy and by this court's long-standing interpretation of the meaning of due proof in an insurance policy. The information submitted to the insurer prior to trial was consistent with death from a heart attack. It certainly did not support a theory that an accident was the sole cause of death. Essential facts were not disclosed concerning the deceased's condition just before his death, which would have tended to support a medical conclusion that death was caused by the blow to the deceased's head. The only medical information submitted was inconsistent with the plaintiff's theory of accidental death. We do not accept testimony offered at trial as due proof. Consequently, the judge was correct in concluding that the plaintiff had failed to submit due proof of accidental death.

The plaintiff argues briefly that the insurer waived the requirement of due proof because its responses to her submissions were insufficient to fulfil an affirmative duty to request additional information. We will assume that the insurer was bound by the consequences of the rejection letters sent out under its name. We accept the proposition that, in particular instances, an insurer may have a duty to advise a claimant that additional information may be submitted to explain or supplement information previously furnished, and that an insurer's failure to fulfil such a duty constitutes a waiver of the requirement of due proof. 3 J.A. Appleman, Insurance Law and Practice § 1449 (Supp. 1977).

One purpose of the requirement of due proof is to enable the insurer "to form an intelligent estimate as to whether the death came within the terms of the policy." *Howe* v. *National Life Ins. Co.*, 321 Mass. 283, 285 (1947). *Krantz* v. *John Hancock Mut. Life Ins. Co.*, 335 Mass. 703, 707 (1957). Additionally, the requirement prevents the practice of fraud and deception on the insurer and enables it to make an investigation in order to determine its rights and liabilities. 3 J.A. Appleman, Insurance Law and Practice § 1391, at 3 (1941). However, the requirement of due proof is not a shield behind which an insurer may hide silently in

the hope that the claimant will fail to submit due proof of what is a valid claim.

Thus, as we have said, an insurer may have a good faith duty in particular circumstances to request additional information. If the initial proof is inconclusive but contains information reasonably suggesting that the claim may be valid, an insurer has the duty of further inquiry, at least to the extent of inviting the submission of further information in support of the claimant's position. We have long recognized that an insurer may request further proof and any additional submission should be considered in assessing whether the claimant submitted adequate proof under the policy. See *Traiser* v. *Commercial Travellers' E. Accident Ass'n*, 202 Mass. 292, 294-296 (1909).

We think, however, that the response of the insurer in this case did not constitute a waiver of the requirement of due proof and that, in the circumstances, there was no obligation to state affirmatively that additional proof might have been submitted. The only evidence submitted supported the medical conclusion that the death was not accidental. The plaintiff's submission did not merely leave the question in doubt; at the least it showed affirmatively a medical opinion that the cause of death was not entirely accidental. None of the facts submitted indicated that that medical opinion might be in error. The letters sent by the insurer (see note 3 *supra*) did not foreclose the submission of additional information. Indeed, those letters explicitly pointed out the deficiency in the proof submitted and impliedly invited the submission of additional proof. "[H]is death *appears* to have been due either wholly or in part to disease" (emphasis supplied). "It has not been *satisfactorily established* that Mr. Washington's death resulted solely from bodily injuries sustained through accidental means" (emphasis supplied). In this circumstance, the requirement of due proof was not waived, or otherwise eliminated, as an element of the plaintiff's case.

The plaintiff makes no claim that the insurer had a duty of further inquiry based on the information received by it. We have recognized that, in particular circumstances, an

insurer may have an obligation to investigate possibly relevant information beyond the material submitted where it "has knowledge that such facts exist and unimpeded access thereto." *Krantz* v. *John Hancock Mut. Life Ins. Co.,* 335 Mass. 703, 708 (1957). Only the plaintiff testified to the deceased's statements concerning a headache or a stiff neck, and she did not submit those facts to the insurer as part of her proof or subsequently. None of the persons disclosed in the plaintiff's submission to have been present at the funeral home was shown to have information which would have supported a contrary medical conclusion. If the insurer had reviewed the Wesson Memorial Hospital record, as far as appears before us, that record would not have supported or suggested a medical conclusion of accidental death. Thus, any inquiry would have been fruitless except as to the plaintiff herself. The insurer did not have the duty to inquire hypothetically of her. The plaintiff had the opportunity to submit additional information, and the insurer's conduct did not relieve her of the obligation to submit due proof. The defendant's motion for a directed verdict was properly allowed.

The plaintiff does not challenge the requirement of due proof as unconscionable or contrary to public policy. Nor does she argue that we adopt a new principle that the failure to furnish due proof is a relevant defense only if the insurer was materially prejudiced by the failure to furnish that proof. We express no opinion on what the result would be if such an argument were presented in an appropriate case. The duty was on the plaintiff to furnish adequate supporting information, and she did not do so at any time before trial.

*Judgment affirmed.*